1  David S. Kupetz (CA Bar No. 125062)
     *dkupetz@sulmeyerlaw.com*
2  Steven F. Werth (CA Bar No. 205434)
     *swerth@sulmeyerlaw.com*
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Grand Ave., Suite 3400
   Los Angeles, California 90071
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
7  Attorneys for Landlord

8               **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **SAN FERNANDO VALLEY DIVISION**

11  In re                                   Case No. 1:19-bk-12102-MT

12  HAWKEYE ENTERTAINMENT, LLC,             Chapter 11

13             Debtor.                      **MOTION FOR ORDER REMOVING
                                            JUDGMENT LIEN AND/OR REQUIRING
14                                          WITHDRAWAL OF ABSTRACT OF
                                            JUDGMENT RECORDED BY DEBTOR
15                                          AND RELEASING THE LIEN AGAINST
                                            LANDLORD'S REAL PROPERTY;
16                                          DECLARATIONS OF STEVEN F.
                                            WERTH AND MICHAEL S. CHANG**
17
                                            Date:    August 4, 2021
18                                          Time:    11:00 a.m.
                                            Place:   Courtroom 302
19                                                   21041 Burbank Boulevard
                                                     Woodland Hills, CA 91367
20
21
22
23
24
25
26
27
28

SFW 2712916v2

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    Smart Capital Investments I, LLC, a California limited liability company, Smart Capital

2  Investments II, LLC, a California limited liability company, Smart Capital Investments III, LLC,

3  a California limited liability company, Smart Capital Investments IV, LLC, a California limited

4  liability company, and Smart Capital Investments V, LLC, a California limited liability company

5  (collectively, "Smart Capital") moves this Court for an order requiring Hawkeye Entertainment,

6  LLC ("Debtor") to withdraw an abstract of judgment that it recorded against Smart Capital's

7  property located at 618 S. Spring Street, Los Angeles, California ("Property"), resulting in a

8  judgment lien.  A copy of the recorded abstract of judgment—hereafter referred to as the

9  "Judgment Lien"--is attached hereto as **Exhibit 1**.   For the reasons set forth below, Smart

10  Capital requests that the Court order that the Judgment Lien against the Property be released and

11  removed from the real property records.

12    Smart Capital filed a motion on March 22, 2021, seeking, among other things, a stay

13  pending appeal of this Court's order awarding attorney's fees and costs to the Debtor.  On April

14  15, 2021, the Debtor filed an "Opposition Of Debtor To Motion Of Smart Capital Investments

15  For An Order Reconsidering The Court's Fee Order Pursuant To Rule 9024 Of The Federal

16  Rules Of Bankruptcy Procedure, Or In The Alternative, Granting Stay Pending Appeal" ("Stay

17  Opposition").[1]  In it, the Debtor stated:

18      "Should the Court deny the stay, because of the limitations under the Lease
        discussed below, the Debtor will be permitted to record a lien against the
19      Property and offset against the rent."

20  Stay Opposition, page 20, lines 14-16.

21    The Debtor requested an abstract of judgment eight days later, before the Court could

22  rule on Smart Capital's motion for a stay.  See Exhibit 1.   The Debtor did not notify the Court at

23  the April 29, 2021 hearing about the steps it had taken.

24    At the April 29, 2021, hearing, the Court granted Smart Capital's motion for a stay of its

25  fee orders.  The Court conditioned that stay on the Debtor not being required to pay rent to Smart

26  _____

27  [1] The relevant portion of the Stay Opposition is attached as **Exhibit 2**.

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    Capital until the unmade payments totaled the amount of the Court's fee awards.  Those fee

2    awards are $415,491.64 (Docket No. 334) and $182,110.26 (Docket No. 360).  The total fee

3    award is $597,601.90.

4        On May 12, 2021, the Los Angeles County Recorder's Office recorded the Judgment Lien

5    against the Property.  See Exhibit 1.

6        On May 19, 2021, the Court entered an order granting Smart Capital's motion to impose a

7    stay.  A true and correct copy of this order is attached hereto as **Exhibit 4**.

8        By this motion, Smart Capital requests that the Court order the removal of the Judgment

9    Lien, and/or an order that the Debtor withdraw the Judgment Lien, or equivalent relief through

10   the Debtor's execution of a recordable document releasing the Judgment Lien.  The Judgment

11   Lien was recorded *after* the April 29, 2021, hearing during which the Court imposed a stay

12   pending appeal.  Thus, it is stayed by the Court's ruling at that hearing.  The Debtor did not

13   request an exception to record a Judgment Lien, and the Court's order does not allow one to be

14   recorded.  The Debtor did not even notify the Court that it had already submitted it for recording.

15       The Court imposed a harsh sanction upon Smart Capital as a condition of imposing a stay

16   pending appeal:  the next $597,601.90 in rent that otherwise would be paid by the Debtor as rent,

17   shall not be paid to Smart Capital, but rather paid into a trust account held by the Debtor's

18   bankruptcy counsel.  The Court thus crafted a remedy for both Smart Capital and the Debtor to

19   "protect the rights of all parties in interest" as bankruptcy courts possess the authority to do

20   pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8007(e)(2).  The Debtor has

21   exceeded this carefully-crafted solution by recording the Judgment Lien.

22       For these reasons, and those stated more fully in the attached Memorandum of Points and

23   Authorities, Smart Capital requests that the Court order that the Judgment Lien is removed and

24   released, or order the Debtor to withdraw the Judgment Lien, or grant such other relief as is

25   appropriate to cause the Debtor's execution of a recordable document releasing the Judgment

26   Lien.

27

28

1

Dated:  July 7, 2021

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/ Steven F. Werth*
David S. Kupetz
Steven F. Werth
Attorneys for Smart Capital Investments I, LLC
and related entities

1

# **TABLE OF CONTENTS**

**Page**

2

3    MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 4

4    I. BACKGROUND .............................................................................................................. 4

5          A.    Relevant Filings And Rulings Of This Court ................................................. 4

6          B.    Summary Of Terms Of Fee Orders ................................................................ 5

7    II. THE JUDGMENT LIEN MUST BE WITHDRAWN AND REMOVED ..................... 6

8          A.    The Court's Power To Protect Parties' Rights When Issuing A Stay ........... 6

9          B.    The Abstract Of Judgment Violated The Court's Stay ................................. 7

10         C.    The Court May Grant Retroactive Relief ...................................................... 8

11         D.    The Judgment Lien Is Unduly Burdensome To Smart Capital .................... 9

12   III. CONCLUSION ............................................................................................................. 11

13   DECLARATION OF STEVEN F. WERTH ........................................................................ 12

14   DECLARATION OF MICHAEL S. CHANG ..................................................................... 14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# TABLE OF AUTHORITIES

**Page**

## CASES

*Cal. Commerce Bank v. Superior Court,*
    8 Cal. App. 4th 582 (1992)...................................................................7

*Hawaii Housing Auth. v. Midkiff,*
    463 U.S. 1323 (1983) ....................................................................8

*Indus. Indem. Co. v. Levine,*
    49 Cal. App. 3d 698 (1975) ...........................................................7

*Khan v. Shamrock Ptnrs., LTD.,*
    292 F. App'x 604 (9th Cir. 2008) ...................................................8

*Noli v. Comm'r,*
    860 F.2d 1521 (9th Cir. 1988) ........................................................8

*Phansalkar v. Andersen Weinroth & Co., L.P.,*
    211 F.R.D. 197 (S.D.N.Y. 2002)....................................................9

*Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.,*
    40 F. Supp. 2d 1141 (C.D. Cal. 1999) ...........................................6

*Telecom Asset Mgmt., LLC v. Fiberlight, LLC,*
    No. 14-cv-00728-SI, 2017 U.S. Dist. LEXIS 29919 (N.D. Cal. Mar. 2,
    2017)....................................................................................9

*Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods.,*
    2008 U.S. Dist. LEXIS 105853, 2008 WL 5412469 (D. Colo. Dec. 24,
    2008)....................................................................................8

## STATUTES

California Code of Civil Procedure
    § 697.040(a)(2)...........................................................................7

## RULES

Federal Rules of Bankruptcy Procedure,
    Rule 8007(a)(1)(A)......................................................................6

Federal Rules of Bankruptcy Procedure,
    Rule 8007(e)..............................................................................6

Federal Rules of Bankruptcy Procedure,
    Rule 8007(e)(2) ......................................................................7, 11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Federal Rules of Bankruptcy Procedure,
    Rule (e)(2) ...........................................................................................8

Federal Rules of Civil Procedure,
    Rule 62 ...................................................................................6, 8, 9

Federal Rules of Civil Procedure,
    Rule 62(g) ............................................................................................6

Federal Rules of Civil Procedure,
    Rule 7062 .........................................................................................6, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

A.  **Relevant Filings And Rulings Of This Court**

Smart Capital is the owner of the real property located at 618 S. Spring Street, Los Angeles, California ("Property").  The Debtor leases the first four floors and a portion of the basement of the Property from Smart Capital, pursuant to a lease ("Lease").

On October 10, 2019, the Debtor filed a motion to assume the Lease.  After a four-day trial, the Court entered an order granting this motion on October 27, 2020.  (Docket No. 230, the "Assumption Order").  Smart Capital appealed the Assumption Order.  Docket No. 234.

On November 6, 2020, the Debtor filed a motion seeking reimbursement of its fees and costs incurred in connection with its motion to assume the Lease.  (Docket No. 232, the "Fee Motion").

On March 8, 2021, the Court entered an order granting the Fee Motion.  (Docket No. 297, the "Initial Fee Order").  The Initial Fee Order is attached as **Exhibit 3**.  In the Initial Fee Order, the Court ordered that Smart Capital was liable to the Debtor in the amount of $605,937.40.

On March 22, 2021, Smart Capital filed a motion requesting that the Court reconsider the Initial Fee Order, or in the alternative, impose a stay pending appeal.  (Docket No. 300, the "Motion To Reconsider").

On April 15, 2021, the Debtor filed the Stay Opposition.  In it, the Debtor stated that should the Court decline to issue a stay, the Debtor will be permitted to record a judgment lien against the Property.

On April 23, 2021, the Debtor requested that an Abstract of Judgment be issued, in the amount of $605,937.40.  See Exhibit 1.

On or about April 26, 2021, the Clerk of the Court issued an Abstract of Judgment against Smart Capital in the amount of $605,937.40.  See Exhibit 1.  Subsequently, the Debtor submitted it to the Los Angeles County Recorder's office for recording.  Id.

On April 29, 2021, the Court heard the Motion To Reconsider, granted that motion, and

4

1  ordered a stay pending appeal of its ruling.

2      On May 12, 2021, the Los Angeles County Recorder's office recorded the Debtor's

3  abstract of judgment.  See Exhibit 1.

4      On May 19, 2021, the Court entered an order on the Motion To Reconsider (Docket No.

5  334, the "Revised Order 1").  Revised Order 1 is attached as **Exhibit 4**.  Revised Order 1, among

6  other things, awards fees and costs to the Debtor for a period of time that does not include

7  October, 2020.

8      On May 28, 2021, Smart Capital filed a notice of appeal of the Initial Fee Order and

9  Revised Order 1.  Docket No. 340.

10      On June 11, 2021, the Court entered a second order relating to the Motion to Reconsider

11  (Docket No. 360, "Revised Order 2").  Revised Order 2 is attached as **Exhibit 5**.  Revised Order

12  2, among other things, awards fees and costs to the Debtor for October, 2020.

13      On June 14, 2021, Smart Capital filed a notice of appeal of Revised Order 2.  Docket No.

14  363.

15  **B.    Summary Of Terms Of Fee Orders**

16      Revised Order 1 states that the fees and expenses awarded to the Debtor for the period of

17  time not including October, 2020 is $415,491.64.

18      Revised Order 2 states that fees and expenses awarded to the Debtor for October, 2020 is

19  $182,110.26.

20      Revised Order 1 states that *both* Revised Order 1 and Revised Order 2 are stayed pending

21  appeal.  The relevant language in Revised Order 1 is as follows:

22      [It is hereby] **ORDERED** that the Court will issue a further order related
        to the October 2020 fees and costs, and if the request for such fees
23      is granted (in whole or part), the October 2020 fees and costs awarded shall
        be added to the Ordered Attorney Fees, and the entire amount shall be
24      subject to the terms of this Order; it is further,

25      **ORDERED** that a stay pending appeal is granted upon the condition that,
26      in order to protect the Debtor and the estate from further risk and harm
        resulting from issuance of such stay, and until further order of this Court,
27      all monetary obligations due by the Debtor to the Landlord under any of
        the terms or provisions of the Lease Agreement dated July 17, 2009 as
28      modified by First Amendment to Lease Agreement, dated August 19, 2014

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

(collectively, the "Lease"), including, without limitation, Minimum Rent pursuant to Article 1.14 and 6.1 ("Minimum Rent"), Additional Rent pursuant to Article 6.4, Tenant's Share of Taxes pursuant to Article 7, CAM charges, property taxes and any and all other monetary obligations (collectively "Rental Obligations") (including Article 10 of the First Amendment) shall be paid into a segregated trust account established and maintained by LeechTishman ("Rental Trust Account"), […]

Exhibit 4, page 3, lines 3-16.

## II.

### THE JUDGMENT LIEN MUST BE WITHDRAWN AND REMOVED

**A.**    **The Court's Power To Protect Parties' Rights When Issuing A Stay**

The Federal Rules of Civil Procedure ("FRCP"), at FRCP 62, authorize Federal courts to issue stays pending appeal:

(b) Stay by Bond or Other Security.  At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

This is consistent with FRBP 8007(a)(1)(A), which states that a party may file a motion in the bankruptcy court for "a stay of a judgment, order, or decree of the bankruptcy court pending appeal."

FRCP 62(g) gives Federal Appellate courts expansive powers to stay proceedings.  *See* Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc., 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999).  FRCP 62(g) provides:

(g) Appellate Court's Power Not Limited. This rule does not limit the power of the appellate court or one of its judges or justices:

(1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or
(2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

Bankruptcy Courts have a similar power to issue orders during the pendency of an appeal that protect the rights of parties in interest, and potentially even greater flexibility as they are not constrained by FRCP 7062.   FRBP 8007(e) provides:

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

(e) Continuation of Proceedings in the Bankruptcy Court.  Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:

(1) suspend or order the continuation of other proceedings in the case; or

(2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

Bankruptcy courts thus possess the discretion to issue an order that protects the rights of parties during the pendency of an appeal.  The Court did so here, in Revised Order 1.

## B.    **The Abstract Of Judgment Violated The Court's Stay**

Revised Order 1 stays both Revised Order 1 and Revised Order 2 (collectively, the " Fee Orders"), the two relevant orders which award fees and expenses to the Debtor.  The Court conditioned this stay as set forth in Section I.C above.  In doing so, the Court granted relief to both parties in interest, rejecting Smart Capital's request that no condition be imposed on a stay, and rejecting the Debtor's request that no stay be issued.

There is no dispute that this Court possesses the discretion under FRBP 8007(e)(2) to craft a stay that enables a judgment creditor to record a judgment lien.  In this instance, however, Revised Order 1 does not do that.  The Debtor did not request in the Stay Opposition that it be permitted to do so, and explicitly recognized that if a stay were issued, it would not be able to do so.  The Judgment Lien, thus, was recorded in violation of this Court's stay imposed by Revised Order 1.

This is consistent with the application of California law regarding stays pending appeal, which provides that new liens may not be created during the period of such stay. California Code of Civil Procedure § 697.040(a)(2); <u>Cal. Commerce Bank v. Superior Court</u>, 8 Cal. App. 4th 582, 10 Cal. Rptr. 2d 418 (1992); <u>Indus. Indem. Co. v. Levine</u>, 49 Cal. App. 3d 698, 122 Cal. Rptr. 712 (1975) (abstract of judgment may not be recorded if there has been a stay on appeal).

The Ninth Circuit has recognized that a bankruptcy court's oral ruling with regard

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   to a stay in a bankruptcy case is effective when the oral ruling is made in circumstances

2   where the parties affected by the stay (or lifting of the stay) "were present when the oral

3   order was issued and clearly had notice of its existence and content."  <u>Noli v. Comm'r</u>,

4   860 F.2d 1521, 1525 (9th Cir. 1988).

5   **C.      <u>The Court May Grant Retroactive Relief</u>**

6          Here, the Abstract of Judgment was recorded after the April 29, 2021 hearing on

7   the Motion to Reconsider, at which the Court ordered a stay, but before May 19, 2021, the

8   date the Court entered Revised Order 1.

9          At the April 29, 2021, hearing, the Debtor did not inform Smart Capital or the

10  Court that it had already submitted an Abstract of Judgment for recording.  As such, there

11  was no discussion at that hearing regarding whether the Court's stay order needed to

12  explicitly state that the stay was effective as of April 29, 2021.

13         Regardless of whether retroactive relief is necessary here, courts possess the

14  discretion to apply a stay pending appeal retroactively.  Numerous cases have granted

15  such relief in the context of FRCP 62, and the Bankruptcy Court's power is even broader

16  under FRBP(e)(2) which provides that the Bankruptcy Court can issue appropriate orders

17  "Despite Rule 7062".

18         The Ninth Circuit recognized the court's broad power to apply retroactive stay relief in

19  <u>Khan v. Shamrock Ptnrs., LTD.</u>, 292 F. App'x 604 (9th Cir. 2008).  There, the Ninth Circuit

20  upheld the District Court's stay of pending levies after a judgment debtor obtained a FRCP 62(d)

21  supersedeas bond.  The Court cited <u>Hawaii Housing Auth. v. Midkiff</u>, 463 U.S. 1323, 1324, 104

22  S. Ct. 7, 77 L. Ed. 2d 1426 (1983) for the proposition that "[I]t is well-settled that a court retains

23  the power to grant injunctive relief to a party to preserve the status quo during the pendency of

24  an appeal".  *Khan v Shamrock*, supra at 607.

25         In <u>Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods.</u>, 2008 U.S. Dist. LEXIS

26  105853, 2008 WL 5412469 (D. Colo. Dec. 24, 2008), a judgment debtor sought to apply a stay

27  pending appeal issued under FRCP 62 retroactively to the pre-stay actions of a judgment creditor

28  who had obtained writs of garnishment.  The court, analyzing cases, concluded that the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  underlying principle was that executions on judgments can be retroactively invalidated if they:

2  (1) occurred while the judgment debtor was seeking a stay of the judgment in good faith; and (2)

3  resulted in excess protection for the judgment creditor.  Here, Smart Capital sought a stay of

4  enforcement of the Fee Orders promptly, and obtained that stay.

5  　　　　In Phansalkar v. Andersen Weinroth & Co., L.P., 211 F.R.D. 197 (S.D.N.Y. 2002), a

6  judgment creditor obtained writs of execution against a judgment debtor.  The judgment debtor

7  sought to obtain a supersedeas bond which would permit it to obtain a stay pursuant to FRCP 62,

8  but the writs of execution prevented the judgment debtor from selling certain assets to generate

9  cash to post the bond.  The judgment debtor argued that FRCP 62 could apply retroactively, to

10  extinguish collection efforts.  The *Phansalkar* court agreed.  Here, to the extent that retroactive

11  relief is even necessary, the Bankruptcy Court has crafted a remedy for the Debtor that

12  approximates the posting of a bond, and retroactive relief should apply here for the same reasons.

13  　　　　In Telecom Asset Mgmt., LLC v. Fiberlight, LLC, No. 14-cv-00728-SI, 2017 U.S. Dist.

14  LEXIS 29919 (N.D. Cal. Mar. 2, 2017), the court declined to rule that FRCP 62 could be applied

15  retroactively to a pre-stay assignment order, but stated that the stay applied from the moment it

16  was issued.  Id. at *9.  Here, the Court issued a stay at the April 29, 2021, hearing and it thus

17  applies to the Judgment Lien.  Thus, the Judgment Lien should be withdrawn.

18  **D.**　　**The Judgment Lien Is Unduly Burdensome To Smart Capital**

19  　　　　Even if the recording of the Judgment Lien did not violate this Court's stay, a balance of

20  the hardships shows that the Judgment Lien imposes a greater detriment on Smart Capital then

21  the absence of such lien would impose on the Debtor.

22  　　　　Revised Order 1 imposes a considerable burden upon Smart Capital during the pendency

23  of the appeal of the Fee Orders:  the next $597,601.90 of Debtor's rent cannot be paid to Smart

24  Capital.  At approximately $42,000 per month in rent[2], this represents approximately 16 months'

25  _____

26  [2] "Rent" is used here to apply to all amounts that are owed under the Lease, which
27  aggregate amount varies slightly month to month.  For February 2021, the Debtor paid
$42,330.25 to Smart Capital (as per the MOR filed March 16, 2021).

28

1  worth of payments.  There are more than five years remaining on the Lease, which ensures that

2  the Debtor will be able to recoup its award even if the Fee Orders are upheld on appeal.  The

3  relief the Court crafted in Revised Order 1 thus adequately protects the Debtor's interest.

4        The cessation of rental payments from the Debtor is particularly difficult for Smart

5  Capital.  Like other commercial landlords, Smart Capital has been severely negatively impacted

6  by the Covid-19 Pandemic.

7        A judgment lien imposes an additional burden on Smart Capital:  due to the existence of

8  the Judgment Lien, Smart Capital is being impeded and prevented from refinancing its debt on

9  the Property.  The Property and other properties owned by Smart Capital and its affiliates cross-

10  collateralize a the senior loan on the Property.  Smart Capital is in the process of refinancing this

11  cross-collaterateralized debt, which will substantially reduce the interest rate on the senior loan

12  on the Property.  To the severe detriment of Smart Capital and its affiliates, the Judgment Lien is

13  impeding and preventing the refinancing from moving forward.

14        Further, removal of the Judgment Lien will not burden the Debtor.  In the Stay

15  Opposition, the Debtor asserted numerous times that a judgment lien would be of no benefit to

16  the Debtor, as there was no equity in the Property:

17
18         "Moreover, the Landlord has gutted the Property of all the equity.  Specifically,
           the Landlord has encumbered the Property in the aggregate amount of
19         $30,200,000 as follows…"

20  Stay Opposition, 21:14-16.

21         "Accordingly, the equity in the Property, which is the primary source of payment
           for the Fee Award, is nonexistent."
22

23  Stay Opposition, 22:5.

24         "Not only has the Landlord depleted all equity in the Property by a series of
           conveyances to secured creditors…"
25

26  Stay Opposition, 22:15.
           "the Landlord, on the one hand, has depleted all of the equity in the Property…"
27

28  Stay Opposition, 23:8.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    The Debtor made these arguments in the Stay Opposition so that the Court would

2    exercise its power under FRBP 8007(e)(2) to issue "any other appropriate order" that will

3    "protect the rights of all parties in interest."  The Court exercised its discretion to do so, and

4    imposed the steep cost upon Smart Capital as a condition of a stay.  As the Debtor has asserted

5    that there is no equity in the Property to which the Judgment Lien can attach, there is no harm to

6    the Debtor if the Judgment Lien is withdrawn.  Smart Capital has requested that the Debtor

7    voluntarily withdraw and release the Judgment Lien.  As of this time, the Debtor has not agreed

8    to do so.

### III.

### <u>CONCLUSION</u>

11    In Revised Order 1, the Court balanced the competing rights of Smart Capital and the

12    Debtor in granting a stay pending appeal.  Revised Order 1 does not permit the Debtor to record

13    a judgment lien.  As the Judgment Lien is a violation of this Court's stay issued April 29, 2021,

14    Smart Capital respectfully requests that the Court order that it is released and removed from the

15    real property records, order the Debtor to withdraw it, or grant such other relief as is necessary

16    and appropriate to cause the Debtor's execution of a recordable document releasing the Judgment

17    Lien.

18    Dated:  July 6, 2021                        **Sulmeyer**Kupetz
                                                A Professional Corporation

                                        By:   */s/ Steven F. Werth*
                                                David S. Kupetz
                                                Steven F. Werth
                                                Attorneys for Landlord

1

## DECLARATION OF STEVEN F. WERTH

2        I, Steven F. Werth, declare as follows:

3        1.      I am an individual over the age of eighteen.

4        2.      I am an attorney at the law firm of **Sulmeyer**Kupetz, A Professional Corporation

5   ("Sulmeyer"), counsel for Smart Capital Investments I, LLC, a California limited liability

6   company, Smart Capital Investments II, LLC, a California limited liability company, Smart

7   Capital Investments III, LLC, a California limited liability company, Smart Capital Investments

8   IV, LLC, a California limited liability company, and Smart Capital Investments V, LLC, a

9   California limited liability company (collectively, "Smart Capital").

10       3.      All statements made herein are based on my personal knowledge.  If called to

11  testify as a witness in this matter, I could and would competently testify thereto.

12       4.      I make and execute this declaration in connection with the attached "Motion For

13  Order Avoiding Judgment Lien And/Or Requiring Withdrawal Of Abstract Of Judgment

14  Recorded By Debtor And Releasing The Lien Against Landlord's Real Property" (the "Motion").

15       5.      Capitalized terms in this declaration have the definition given them in the Motion.

16       6.      Attached hereto as **Exhibit 1** is a true and correct copy of a five-page document

17  Smart Capital received from the County of Los Angeles Registar-Recorder/County Clerk titled

18  "Notice Of Involuntary Lien".

19       7.      Attached hereto as **Exhibit 2** is a true and correct copy of the Stay Opposition,

20  without attached declarations and exhibits.

21       8.      On October 10, 2019, the Debtor filed a motion to assume the Lease.  After a

22  four-day trial, the Court entered an order granting this motion on October 27, 2020.  Smart

23  Capital appealed the Assumption Order.  Docket No. 234.

24       9.      On November 6, 2020, the Debtor filed a motion for an order authorizing

25  reimbursements of its fees and costs incurred in connection with its motion to assume the Lease.

26       10.     On March 8, 2021, the Court entered an order granting the Fee Motion.  A true

27  and correct copy of the Initial Fee Order is attached as **Exhibit 3**.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

11.     On March 22, 2021, Smart Capital filed a motion requesting that the Court reconsider the Initial Fee Order, and in the alternative, sought a stay pending appeal.

12.     On April 15, 2021, the Debtor filed the Stay Opposition.

13.     On April 29, 2021, the Court heard the Motion To Reconsider, granted that motion, and issued a stay pending appeal of its ruling.

14.     After the April 29, 2021 hearing on the Motion To Reconsider, I exchanged emails with Debtor's counsel Sandford Frey regarding mutually agreeable language on a proposed form of order for the Motion To Reconsider.

15.     A true and correct copy of Revised Order 1 is attached as **Exhibit 4**.

16.     On May 28, 2021, Smart Capital filed a notice of appeal of the Initial Fee Order and Revised Order 1.

17.     A true and correct copy of Revised Order 2 is attached as **Exhibit 5**.

18.     On June 14, 2021, Smart Capital filed a notice of appeal of Revised Order 2.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed on July 7, 2021, at Los Angeles, California.

_/s/ Steven F. Werth_
Steven F. Werth

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

## DECLARATION OF MICHAEL S. CHANG

2      I, Michael S. Chang, declare as follows:

3      1.      I am an individual over the age of 18 and am the manager of Smart Capital

4   Investments I, LLC, a California limited liability company, Smart Capital Investments II, LLC, a

5   California limited liability company, Smart Capital Investments III, LLC, a California limited

6   liability company, Smart Capital Investments IV, LLC, a California limited liability company,

7   and Smart Capital Investments V, LLC, a California limited liability company (collectively,

8   "Smart Capital").

9      2.      I make this declaration in my capacity as the Manager of Smart Capital.

10     3.      I have personal knowledge of the facts set forth in this declaration and, if called as

11  a witness, I could and would testify competently to such facts under oath.

12     4.      I make and execute this declaration in connection with the attached "Motion For

13  Order Avoiding Judgment Lien And/Or Requiring Withdrawal Of Abstract Of Judgment

14  Recorded By Debtor And Releasing The Lien Against Landlord's Real Property" (the "Motion").

15     5.      Capitalized terms in this declaration have the definition given them in the Motion.

16     6.      Smart Capital is the owner of the Property.

17     7.      The Property consists of a twelve-story building commonly known as the Pacific

18  Stock Exchange Building.  The Debtor leases the first four floors and a portion of the basement

19  of the Building pursuant to a lease with Smart Capital's affiliate and predecessor-in-interest.

20     8.      Like other commercial landlords, Smart Capital has been severely negatively

21  impacted by the Covid-19 Pandemic.

22     //

23     //

24     //

25     //

26     //

27     //

28     //

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1       9.     The Property and other properties owned by Smart Capital and its affiliates cross-

2  collateralize the senior loan on the Property.  Smart Capital is in the process of refinancing this

3  cross-collateralized debt, which will substantially reduce the interest rate on the senior loan on

4  the Property.  The Judgment Lien is preventing this refinancing from moving forward.

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct to the best of my knowledge, information, and belief.

7      Executed this 6th day of July, 2021, at Los Angeles, California.

By: _____

Michael S. Chang

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1



COUNTY OF LOS ANGELES
# REGISTRAR-RECORDER/COUNTY CLERK
P.O. BOX 1250, NORWALK, CALIFORNIA 90651-1250 / www.lavote.net

**DEAN C. LOGAN**
REGISTRAR-RECORDER/COUNTY CLERK

## NOTICE OF INVOLUNTARY LIEN

California Government Code Section 27297.5 requires the County Recorder to notify persons against whom an involuntary lien has been recorded.

You are hereby notified that the enclosed document _may_ constitute a lien against your real property.

California law provides that a lien cannot be released without a signed release from the claimant.

**You may wish to contact the lien claimant or your attorney regarding this matter. This department has no involvement with the placement of the lien on your property. This is merely a notification, as required by State Law, to assure that you are aware of the lien.**

---

> ➢ **PLEASE DO NOT TELEPHONE THE RECORDER'S OFFICE.**
> ➢ **WE HAVE NO ADDITIONAL INFORMATION REGARDING THIS MATTER.**
> ➢ **CONTACT THE PERSON CLAIMING THIS LIEN AGAINST YOU.**

---

R916 (Rev 05/10)

16

**This page is part of your document - DO NOT DISCARD**



# 20210763430



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/12/21 AT 02:20PM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 110.00 |



L E A D S H E E T



202105121050219

00020392728



012144253

**SEQ:**
**01**

SECURE – Daily



**THIS FORM IS NOT TO BE DUPLICATED**

E534011

4641385

17

**Recording Requested By:**
**And When Recorded Mail To:**

**Leech Tishman Fuscaldo & Lampl, Inc.**
Attention: Sandford L. Frey
200 S. Los Robles Avenue, Suite 300
Pasadena, CA 91101

---

## Title (s)

### Abstract of Judgment

Recording requested by a return to:
Sandford L. Frey
Leech Tishman Fuscaldo & Lampl, Inc.
200 S. Los Robles Avenue, Suite 300
Pasadena, CA 91101

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:
Hawkeye Entertainment, LLC

Debtor

CASE NUMBER   1:19-bk-12102-MT

ADVERSARY NUMBER  (contested matter)

Plaintiff

vs.

Defendant

# ABSTRACT OF JUDGMENT

The Judgment Creditor applies for an abstract of judgment and represents:

1. The Judgment Debtor's:

   a. Name and address     Smart Capital Investments I, LLC, a California limited liability company

   304 S. Kingsley Drive

   Los Angeles, CA 90020

   ☐ Address Unknown

   b. Driver's License No.  _____   ☒ Unknown

   c. Social Security No.   _____   ☒ Unknown

2. The Summons was personally served at, or mail to (address):
   Stephen F. Werth, Esq., Sulmeyer/Kupetz, 333 S. Grand Ave., Suite 3400, Los Angeles, CA 90071

3. ☒ Information regarding additional judgment debtors is shown on reverse side.

Dated:   April 23, 2021

(Signature of Judgment Creditor or Attorney)

(Continued on Reverse Side)

Revised February 2010

Abstract of Judgment - Page Two

| In re                          (SHORT TITLE) | CHAPTER     1:19-bk-12102-MT |
|---|---|
| Hawkeye Entertainment, LLC | |
| Debtor(s). | ADVERSARY NO. (contested matter) |

4.   I certify that in the above-entitled action and Court, Judgment was entered on _____March 8, 2021____

in favor of ____Hawkeye Entertainment, LLC____ and against ___Smart Capital Investments I, LLC, a California___

for        $ ____605,937.40____          Principal,       limited liability company

            $ ____0.00____          Interest,

            $ ____0.00____          Attorney's Fees, and

            $ ____0.00____          Costs.

A lien in favor of a judgment creditor is:

☒   not endorsed on the judgment.

☐   endorsed on the judgment as follows:

1.   Amount $ _____

2.   In favor of (name) _____

A stay of execution has:

☒   not been ordered by the Court.

☐   been ordered by the Court effective until (date): _____

Attested this _Twenty Sixth_ day of _April, 2021_

KATHLEEN J. CAMPBELL
Clerk of the Bankruptcy Court

By: _____
                    Deputy Clerk

Information regarding additional judgment debtors:

____Smart Capital Investments II, LLC, a California limited liability company____

____Smart Capital Investments III, LLC, a California limited liability company____

____Smart Capital Investments IV, LLC, a California limited liability company____

____Smart Capital Investments V, LLC, a California limited liability company____

*Revised February 2010*

20

# EXHIBIT 2

Sandford L. Frey (State Bar No. 117058)
Dennette A. Mulvaney (State Bar No. 133423)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*
         *dmulvaney@leechtishman.com*

Philip A. Toomey (SBN 089598)
Fadi K. Rasheed (SBN 267175)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
2041 Rosecrans Avenue, Suite 300
El Segundo, California 90245
Telephone: (424) 738-4400
Facsimile: (424) 738-5080
Email: ptoomey@leechtishman.com
         frasheed@leechtishman.com

Attorneys for Hawkeye Entertainment, LLC
Debtor and Debtor-in-Possession

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## [SAN FERNANDO VALLEY DIVISION]

| | |
|---|---|
| In re | CASE NO.: 1:19-bk-12102-MT |
| **HAWKEYE ENTERTAINMENT, LLC** | **Chapter 11** |
| Debtor and Debtor-in-Possession. | **OPPOSITION OF DEBTOR TO MOTION OF SMART CAPITAL INVESTMENTS FOR AN ORDER RECONSIDERING THE COURT'S FEE ORDER PURSUANT TO RULE 9024 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, OR IN THE ALTERNATIVE, GRANTING STAY PENDING APPEAL** |
| | **Date:** April 29, 2021<br>**Time:** 10:00 a.m.<br>**Zoom Info:** To be Posted<br>**Ctrm:** 302<br> United States Bankruptcy Court<br> 21041 Burbank Boulevard<br> Woodland Hills, CA 91367 |

21

## TABLE OF CONTENTS

I.    INTRODUCTORY STATMENT ................................................................................1

II.    BRIEF BACKGROUND ......................................................................................4

III.    ARGUMENT .....................................................................................................5

   A.    The Landlord Has Not Established Grounds for Reconsideration ................7

       1.    Legal Grounds for Reconsideration ..............................................7

       2.    The Landlord's Request for Reconsideration of the "Effectiveness Issue"
            is a Thinly Disguised Request for a Stay Pending Appeal ..........................8

       3.    The Landlord's Perceived Complexity of Issues on Appeal
            Are Not Grounds for Reconsideration of the Fee Order ................9

       4.    Reconsideration of the Court's Calculation of Fees and
            Costs in the Fee Order is Not Warranted .........................................10

   B.    The Landlord Has Failed to Establish Entitlement to a
        Stay Pending Appeal of the Fee Order ........................................................11

       1.    The Landlord Has Not Established a Substantial Case
            for Relief on the Merits.................................................................. 12

       2.    The Landlord Has Not Made a Sufficient Showing
            That It Will Be Irreparably Harmed Absent a Stay .........................19

       3.    The Issuance of a Stay Will Substantially Injure the
            Debtor, the Estate, Creditors and the Equity Holders.....................20

       4.    Public Interest Does Not Favor Issuance of a Stay..........................23

       5.    Any Stay Must Be Conditioned Upon the
            Landlord's Posting of Security ........................................................24

IV. CONCLUSION ....................................................................................................25

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Bessemer City*
  470 U.S. 564 (1985) ................................................................................................ 14

*Apple Inc. v. Samsung Elecs. Co.*,
  Case No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS 111276 (N.D. Cal. Aug. 20,
  2015) ....................................................................................................................... 24

*Carney v. United States Bank National Association*,
  2018 U.S. Dist. LEXIS 87319 (C.D. Cal. May 18, 2018) .................................. 10, 13

*Constructora Maza, Inc. v. Banco de Ponce*,
  616 F.2d 573 (1st Cir. 1980) .................................................................................. 14

*DBD Credit Funding LLC v. Silicon Labs, Inc.*,
  2016 U.S. Dist. LEXIS 162930, at *15 (N.D. Cal. Nov. 23, 2016) ...................... 12, 13

*Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*,
  395 B.R. 113 (S.D. Cal. 2008) ................................................................................ 20

*Gens v. Kaelin*,
  2017 U.S. Dist. LEXIS 111803 (N.D. Cal. July 18, 2017) .................................. 10, 13

*Herrera v. Redding*,
  Case No. 1:14-cv-00164-LJO-BAM, 2019 U.S. Dist. LEXIS 210190 (E.D.Cal. Dec. 5,
  2019) ....................................................................................................................... 12

*In re Akhlaghpour*,
  2018 Bankr. LEXIS 2059 (Bankr. C.D. Cal. July 9, 2018) ................................ 10, 13

*In re Arizona Appetito's Stores, Inc.*,
  893 F.2d 216 (9th Cir. 1989) .................................................................................. 14

*In re Circle K Corp.*
  190 BR 370, 376 (9th Cir. BAP 1996) .................................................................... 17

*In re Frantz*,
  534 B.R. 378 (Bankr. D. Idaho 2015) ...................................................................... 19

*In re Juarez*,
  2019 Bankr. LEXIS 623 (Bankr. D. Ariz. Feb. 26, 2019) .................................. 10, 13

*In re N. Plaza, LLC*,
  395 B.R. 113 (S.D. Cal. 2008) ............................................................................ 10, 13

*In re Rachels Indus., Inc.*
  109 BR 797, 812 (Bankr. W.D. Tenn. 1990) ............................................................ 17

*In re Red Mountain Mach. Co.*,
  451 B.R. 897 (Bankr. D. Ariz. 2011) ...................................................................... 20

*In re Ricks*,
  2015 Bankr. LEXIS 3988 (Bankr. D. Idaho Nov. 23, 2015) ................................... 12

iii

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

*In re Rivera*,
2015 U.S. Dist. LEXIS 151860 (N.D. Cal. Nov. 9, 2015) ...................................................... 12, 13

*In re Stage Coach Venture, LLC*,
2017 Bankr. LEXIS 468 (Bankr. C.D. Cal. Feb. 17, 2017).......................................................... 24

*In re Swartout*,
554 BR 474 (Bankr.E.D.Cal. 2016)............................................................................................ 13

*Kan. Tag-Along Action Only Associated Wholesale Grocers, Inc. v. United Potato Growers of Am., Inc.*
(In re Fresh & Process Potatoes Antitrust Litig.), Case No. 4...................................................... 24

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) ...................................................................................................... 20

*Liljeberg v. Health Services Acquisition Corp.*,
486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)............................................................ 8

*Nken v. Holder*,
(2009) 556 US 418, 433, 129 S.Ct. 1749 ............................................................................. 10, 13

*Pacific Queen Fisheries v. Symes*,
307 F.2d 700 (9th Cir. 1962) ...................................................................................................... 14

*Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*,
866 F2d 228 (7th Cir. 1988) ...................................................................................................... 14

*Sea Harvest Corp. v. Rivera Land Co.*,
868 F.2d 1077 (9th. Cir 1989) .................................................................................................... 14

*Seven Up Co. v. Cheer Up Sales Co.*,
148 F.2d 909 (8th Cir. 1945) ...................................................................................................... 14

*Tulalip Tribes v. Washington*,
No. 15-CV-940 BJR, 2018 U.S. Dist. LEXIS 206360 (W.D. Wash. Dec. 6, 2018) ............... 24, 25

*United States Anchor Mortgage. Corp.*,
711 F.3d 745 (7th Cir. 2013). ..................................................................................................... 15

*Winter v. Natural Resources Defense Council, Inc.*
(2008) 555 US 7, 24, 129 S.Ct. 365 (2008).................................................................................. 13

**Statutory Authorities**

11 U.S.C. § 365(b) ...................................................................................................................... 17

11 U.S.C. § 365(b)(1)(A)(B) and (C) .......................................................................................... 4

11 U.S.C. § 365(b)(1) ........................................................................................................... 15, 18

**Rules and Regulations**

Fed. R. Bankr. P. 9011............................................................................................................... 3

Fed. R. Bankr. P. 9024............................................................................................................... 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

Fed. R. Civ. P. 59(b) .................................................................................................... 7

Fed. R. Civ. P. 60 ........................................................................................................ 8

Fed. R. Civ. P. 60(b)(6) ............................................................................................. 11

FRBP 8007 ................................................................................................................. 12

FRBP 8007(c) ............................................................................................................. 25

**Additional Authorities**

Black's Law Dictionary 958 (10th ed. 2014) ........................................................... 20

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1    Hawkeye Entertainment, LLC, Debtor and Debtor in Possession ("**Debtor**") respectfully

2    submits the following Opposition to the Motion of Smart Capital Investments for an Order

3    Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy

4    Procedure, or in the Alternative, Granting Stay Pending Appeal ("**Reconsideration/Stay Motion**").

5    **I.**

6    **INTRODUCTORY STATMENT**

7    The underlying trial in this matter concluded in mid-October 2020, approximately six months

8    ago.  The Debtor timely filed, within the fourteen-day period, its request for fees on November 6,

9    2020, over five month ago.  The Landlord was provided with nearly thirty-days to file its responsive

10    pleading.  The first hearing on the Debtor's request for fees initially came before the Court for

11    hearing on December 2, 2020, over four months ago.  The Landlord feigned surprise at one of the

12    Debtor's citations and requested additional time for briefing.  The Court granted the Landlord's

13    request.  As a result, the matter was continued to January 29, 2021, nearly two months after the

14    initial hearing, and the Landlord was granted nearly an additional month to file supplemental papers,

15    which it did on December 29, 2020.

16    The Debtor's supplemental brief in response to the Landlord's supplemental opposition was

17    filed on January 13, 2021, sixteen days prior to the continued hearing.  The parties argued

18    extensively at the hearing for the second time.  On February 19, 2021, this Court issued its extensive,

19    thoroughly considered, and well-reasoned *Notice of Memorandum Decision on Debtor's Motion for*

20    *an Award of Attorney's Fees* [Docket No. 287] ("**Memorandum of Decision**").  The *Final Order*

21    *and Judgment and Judgment for An Award of Attorney's Fees* was entered on March 8, 2021

22    [Docket No. 297] ("**Fee Judgment**"), nearly five months after the filing of the initial Motion

23    requesting an award of fees.  The Landlord did not file an objection to the Fee Judgment nor indicate

24    that there were grounds for reconsideration.

25    Six months has elapsed since the conclusion of trial.  In the meantime, the Landlord's

26    frivolous actions have cost the Debtor and the estate over $1 million dollars in attorney's fees and

27    the number is growing precipitously as a result of the Landlord's continual shenanigans.  On the one

28    hand, the Landlord has continued to enjoy the benefits of the payment of rent, CAM Charges and

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

taxes on a timely basis.  On the other hand, the Debtor, the estate, creditors and equity holders are placed at risk.  The Landlord has borrowed approximately $30,200,000 against the property, which, as discussed below, is the primary source of recovery for the Fee Judgment.  The Landlord has collected the Debtor's portion of the property taxes, but has not paid property taxes for nearly a year, thereby jeopardizing the Debtor's leasehold interest.

In the meantime, the Debtor is unable to make use of the premises and continues to incur damages and expenses as a result of the Landlord's actions and inactions, including damages from break-ins because the Landlord failed to employ a modicum of effort to protect the premises until after the Debtor was forced to incur the expense of bringing the issue before this Court.[1]  The Landlord has impaired and continues to impair the Debtor's ability to collect upon its Fee Judgment, and continues its pattern of delay, delay, delay, all to the detriment of the Debtor, the estate, creditors and the equity holders.  Now, the Landlord seeks further delay through the auspices of the Reconsideration/Stay Motion, offering not a scintilla of protection for the Debtor, the estate, creditors and equity holders.

For the reasons argued below, the Landlord has failed to meet its burden for issuance of a stay, issuance of the stay will further irreparably harm the Debtor, the estate, creditors, and equity holders, and the stay therefore should be denied.

The portion of the Reconsideration/Stay Motion requesting reconsideration is meritless and a violation of Rule 9011 of the Federal Rule of Bankruptcy Procedure.[2]  It meets none of the criteria for a motion for reconsideration.  It is merely a rehashing of what has already been argued and thoroughly considered by the Court.  It is yet another ruse concocted by the Landlord to cause further delay.  Its timing is further indicia of its improper purpose.

---

[1] As will be explained below, as a result of the Landlord's incessant bad faith actions, the Debtor has finally taken action by impounding the April 2021 rent into a segregated account in reliance upon the provisions of the Lease pending a decision on the Reconsideration/Stay Motion.

[2] Despite the Debtor's counsel's general policy of not requesting sanctions against fellow bankruptcy counsel (except in most rare and extremely egregious circumstances), this request for reconsideration boarders on the Debtor's counsel's exception to his general policy.

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

As stated, the Fee Judgment was entered on March 8, 2021.  The last day of the fourteen-day appeal period was March 22, 2021.  Instead of filing an appeal and a request for a stay as contemplated by the Court, the Landlord filed the request for a stay coupled with a meritless motion for reconsideration, which was not a benign inclusion.  Filed on the last day of the appeal period, the motion for reconsideration was purposeful because it has the effect of tolling the appeal period, which was precisely the Landlord's intention.  Delay, delay, delay.  With the hearing being set on April 29, 2021, over one month after its filing, the Landlord has now surreptitiously effectively procured itself a stay for an additional thirty-days without having to meet any of the requirements for issuance of a stay.

In addition, the portion of the Reconsideration/Stay Motion requesting reconsideration is further prejudicing the Debtor, the estate, creditors and the equity holders by depriving the Debtor of the ability to have the appeal of the Fee Judgment consolidated with the appeal of the assumption order so they can be heard synchronously *in lieu* of the Landlord's obvious purpose of having such appeals heard asynchronously.  This will enable the Landlord to drag out the appellate process indefinitely.  Delay, Delay, Delay.  All the while permitting the Landlord to collect rent, have the avoidance period run of the Landlord's questionable conveyances, and drag the process out for an indefinite period to the detriment of the Debtor, the estate, creditors and the equity holders.

As discussed below, reconsideration lacks merit, and the Landlord has not met it burden for issuance of a stay.  The Landlord has not made a sufficient showing that it is likely to succeed on the merits of its appeal.  The Landlord has not made a sufficient showing that it will be irreparably harmed absent a stay.  The Landlord has not met its burden of establishing that issuance of a stay will not substantially injure the Debtor and other creditors.  The Landlord has not met its burden of proof that the public interest favors issuance of a stay.  Finally, the Landlord has offered not a shred of protection to the estate for issuance of the stay.  In lieu of satisfying its burden for reconsideration and/or issuance of a stay, the Reconsideration/Stay Motion drones on for pages rehashing the same arguments that it failed to prevail upon at trial in the apparent hope that its woeful failure to meet it burden will get obfuscated in the morass.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

## II.

## BRIEF BACKGROUND

On November 10, 2020, the Debtor filed its *Motion for Attorney Fees and Costs re: Trial on Contested Motion for an Order (1) Authorizing the Assumption of Non-Residential Real Property Lease and Sublease; (2) Determining the Debtor and Sublessor Not to Be in Breach of Default, Thereby Deeming Them in Compliance with Bankruptcy Code § 365(b)(1)(A) and Excusing the Debtor from Any Additional Compliance with § 365(b)(1)(B) and (C)* [Docket No. 235] (the "**Fee Motion**").  After a hearing on the Fee Motion on December 2, 2020, at the request of the Landlord, this Court established a supplemental briefing schedule on several issues and set a further hearing on the Fee Motion for January 29, 2021.

The issues that were briefed by both parties included what constitutes the "action" or "proceeding" triggering the attorneys' fee provisions of the 2009 Lease, the reasonableness of the requested fees, and whether the Court should defer a ruling on the Fee Motion pending an appeal of the Order granting the Debtor's Motion for an Order Authorizing the Assumption of Non-Residential Real Property Lease and Sublease [Docket No. 21] ("**Lease Assumption Motion**").

On December 29, 2020, the Landlord filed Landlord's Further Brief in Opposition to Debtor's Motion for Attorney's Fees [Docket No. 275] ("**Landlord's Supplemental Brief**").  On January 13, 2021, the Debtor filed its Supplemental Brief in Support of Motion for Attorney Fees and Costs on Contested Motion [Docket No. 278] ("**Debtor's Supplemental Brief**").  On January 29, 2021, the Court held a hearing on the Fee Motion.  Sandford L. Frey, Philip A. Toomey and Fadi K. Rasheed of Leech Tishman Fuscaldo & Lampl, Inc. appeared on behalf of the Debtor and Steven F. Werth of SulmeyerKupetz and Richard I. Wideman appeared on behalf of the Landlord.  After consideration of the Fee Motion, the Landlord's Supplemental Brief, the Debtor's Supplemental Brief, all papers filed in support thereof, the record and the arguments of counsel made during the hearing, the Court issued its Memorandum of Decision on February 19, 2021, and on March 8, 2021 entered the Final Order.

On March 22, 2021, on the last day of the appeal period, the Landlord filed its Reconsideration/Stay Motion [Docket No. 300].  The reconsideration portion of the

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1  Reconsideration/Stay Motion seeks the Court's reconsideration of the Fee Order based on a

2  purported "change" from the tentative ruling issued before the January 29, 2021 hearing and a

3  recalculation of the fees awarded in the Fee Order.

4                                              **III.**

5                                        **ARGUMENT**

6          The Landlord has not established any grounds whatsoever for reconsideration. Instead,

7  through the guise of asking for reconsideration, the Landlord is asking the Court to stay the

8  effectiveness of the Fee Order pending conclusion of the Landlord's appeal of the Court's Order

9  Granting Debtor's Motion to Assume Lease and Sublease [Docket No. 230] (the "**Assumption**

10 **Order**"). The Landlord's argument for reconsideration of the Final Order and its "effectiveness" is

11 that the Court should conform the Fee Order to the tentative ruling issued before the January 29,

12 2021 hearing which allowed for a stay on the payment of the fees awarded. This portion of the

13 tentative was not adopted in the Memorandum of Decision or the Fee Order. There are no new

14 circumstances to justify reconsideration. After issuing the tentative ruling, the Court heard oral

15 argument at the hearing and after careful consideration issued the Memorandum of Decision, which

16 resulted in the entry of the Fee Order.

17         As a second ground for "reconsideration," the Landlord requests that the Court revisit its

18 calculation of the fees allowed in the Fee Order. Specifically, the Landlord argues that it did not

19 have an opportunity to review and analyze the October 2020 invoices. In the Landlord's

20 Supplemental Opposition, the Landlord painstakingly analyzed every time entry and specifically

21 noted that the Debtor was seeking $813,513.97 in fees and costs but that the monthly fee statements

22 attached to the Fee Motion totaled $551,810. The October 2020 invoices were attached to the

23 Debtor's Supplemental Brief and not the Fee Motion as they were not yet available at the time that

24 the Fee Motion was required to be filed under the rules, which was within the required fourteen days

25 of the entry of the Assumption Order.

26         While the Landlord knew that the October 2020 invoices were not attached to the Fee

27 Motion, counsel for the Landlord never inquired further. Counsel for the Landlord did not raise the

28 issue of the October 2020 invoices until March 22, 2021 when it filed the Reconsideration/Stay

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

5

Motion.  The Landlord had every opportunity to review the October invoices, object and/or request a

continuance of the hearing.  Instead, the Landlord made a conscious decision not to raise the October

invoices as an issue until March 22, 2021, the last day of the appeal period, when it filed its

Reconsideration/Stay Motion.  Further, the trial on the Assumption Motion took place over four days

in October 2020.  As such, nearly every fee and cost entry for October 2020 was attributable to the

Assumption Motion, and therefore appropriately allowed by the Court in the Fee Order.

    Moreover, this Court made its own independent review of the requested fees.  In its

Memorandum of Decision, the Court expressly states:

> **The Court has performed an independent line by line review** of the Debtor's timesheets
> and took out attorney's fees and costs that were related to the bankruptcy case and entries
> that the Court deems too vague as to properly characterize as either a part of the bankruptcy
> case or the Assumption Motion. **The specific entries that have been disallowed are
> detailed in the attached addendum**.

[See, Memorandum of Decision, Page 22, lines 2-7 and Addendum, Page 35, lines 13-18].

[Emphasis added].

    The Reconsideration/Stay Motion alternatively requests that the Court issue a stay of the Fee

Order pending conclusion of the Landlord's appeal of the Assumption Order and presumably, its

appeal of the Fee Order.  As set forth below, the Landlord has not met its burden of showing

circumstances to warrant the issuance of a stay.  With respect to the appeal of the Assumption Order,

the record fails to demonstrate a likelihood of success on the merits, particularly inasmuch as no

default of the subject lease ("**Lease**") was found by the Court to exist (a factual determination) and

there is a serious credibility issue with the vague and often contradictory testimony of the Landlord's

primary witness, Mr. Chang, regarding such purported defaults.  The Reconsideration/Stay Motion is

nothing more than a rehashing of that which was already argued.

    Equally important is the irreparable harm that will befall the Debtor if enforcement of the Fee

Order is stayed.  By the Landlord's design, the Debtor has limited sources of recovery against the

Landlord, which include the Property and the rents generated by the Property.  As discussed in detail

below, the Landlord has depleted its assets by encumbering the Property with loans in the amount of

$30,200,000 and by failing to pay real property taxes.  Currently, the only source of payment of the

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

Fee Order against the Landlord is the rents paid to the Landlord by the Debtor.

**A.    The Landlord Has Not Established Grounds for Reconsideration**

    1.    *Legal Grounds for Reconsideration*

There are limited grounds for relief from a final judgment or order, as set forth in Rule 60 of the Federal Rules of Civil Procedure ("**FRCP**"), made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("**FRBP**").  The grounds, as set forth in Rule 60(b) are:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under FRCP 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing part;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Without more than a passing reference to FRCP 60, the Landlord boldly asserts that reconsideration of the Fee Order is appropriate.  Instead of citing a valid justification for reconsideration of the final Fee Order, the Landlord spends pages rehashing arguments it already made in opposition to the Lease Assumption Motion and Fee Motion.

There is no mistake, inadvertence, surprise, or excusable neglect; no newly discovered evidence; no fraud; nor any other reason that would justify reconsideration of this Court's Fee Order.  The "catch all" provision of Rule 60(b)(6) does not afford the Landlord relief.  The "other reason that justifies relief" must amount to "extraordinary circumstances" for the court to grant relief.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).  The "extraordinary circumstances" requirement exists to balance the broad language of Rule 60(b)(6) with the interest in finality of judgments.  The Landlord has not

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626-796-4000

1  established "extraordinary circumstances" to justify reconsideration of the Fee Order.  Therefore,

2  the reconsideration request in the Reconsideration/Stay Motion is unabashedly meritless.

   2.    *The Landlord's Request for Reconsideration of the "Effectiveness Issue" is a*
3
         *Thinly Disguised Request for a Stay Pending Appeal*
4

5      The Landlord asks this Court to reconsider its final ruling on the Fee Motion to make it

6  conform to a portion of its tentative ruling issued before the hearing on the Fee Motion ("**Tentative**

7  **Ruling**") which stated: "This ruling is final absent any change on appeal.  The payment of the fees

8  is stayed until everything is finalized.  The parties have been continuing this trial and litigating for

9  over a year.  A short additional time to ensure finality makes sense."  That portion of the Tentative

10 Ruling was <u>not</u> adopted into the Court's final ruling embodied in the comprehensive Memorandum

11 of Decision and the Fee Order.

12     With regard to the reason for the deviation between the Court's tentative ruling and the

13 Court's Memorandum of Decision on the issue of the stay, there is no mistake, no inadvertence, no

14 surprise, no newly discovered evidence; no fraud; nor any other reason that would justify

15 reconsideration.  The final ruling was set forth in detail in the Memorandum of Decision, which

16 was issued on February 19, 2021 after the hearing on January 29, 2021, and after considering the

17 argument of counsel at the hearing.  In response to the arguments of the parties made at the

18 supplemental hearing, the Court intentionally did not issue the requested stay and made its

19 reasoning crystal clear.  In the Memorandum of Decision, this Court states the following:

20     This ruling is final, subject to any change on appeal. Should Smart Capital seek to stay the
       payment of these fees, a separate motion should be brought within 30 days of the order being
21     entered on this motion. **The issues concerning a stay <u>require a more extensive factual</u>
       <u>development and discussion</u> than was provided at oral arguments on the motion**.
22

23 [See, Memorandum of Decision, Page 22, lines 25-28].

24 [Emphasis added].

25     Therefore, not only did the Court consider the requested stay and decide not to issue it in its

26 Memorandum of Decision; this Court's Memorandum of Decision expressly provides clear and

27 unambiguous direction to the Landlord as to how to proceed.  There is neither surprise nor newly

28 discovered evidence substantiating this ignominious motion for reconsideration.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

In other words, the Court expressly found that the issues concerning a stay require a more extensive factual development and discussion than was provided. There is nothing to reconsider. The Court simply provided direction to the Landlord should it wish to seek a stay of payment of the fees.

However, simply requesting a stay as instructed by the Court would not have accomplished the Landlord's goal of causing further delay because requesting a stay pending appeal would not alone toll the appeal period. Therefore, the Landlord intentionally disguised the motion as a request for reconsideration to toll the appeal period thereby assuring it of an additional month of delay. This tactic is gamesmanship at its worst!

3.   *The Landlord's Perceived Complexity of Issues on Appeal Are Not Grounds for Reconsideration of the Fee Order*

A considerable portion of the Reconsideration/Stay Motion is devoted to rearguing issues that are on appeal from the Assumption Order and that may be the subject of appeal from the Fee Order. The Landlord asserts that these issues are grounds for the Court's reconsideration of whether the Fee Order should include a stay of enforcement. These arguments neither meet the Landlord's burden for reconsideration nor for issuance of a stay. The Court did not adopt the language from the Tentative Ruling staying payment of fees in its Memorandum of Decision or the final Fee Order.

Essentially, the Landlord's argument is that a decision on appeal could change the Bankruptcy Court's rulings, and therefore, the Court should reconsider staying the Fee Order until all appeals are exhausted. This is a request for a stay pending appeal. This is not a request for reconsideration.

Moreover, as discussed later in this Opposition, the Landlord does not meet the required burden for demonstrating a likelihood of success on the merits. "Showing a 'likelihood' of success' requires that the movant raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re Juarez*, 2019 Bankr. LEXIS 623, at *5 (Bankr. D. Ariz. Feb. 26, 2019) (quoting *In re N. Plaza, LLC*, 395 B.R. 113, 121 (S.D. Cal. 2008)). "Repetition of arguments previously made and rejected is insufficient to satisfy the first *Nken* factor." *Gens v. Kaelin*, 2017 U.S. Dist. LEXIS 111803, at *8

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

(N.D. Cal. July 18, 2017).  *In re Akhlaghpour*, 2018 Bankr. LEXIS 2059, at *6-7 (Bankr. C.D. Cal. July 9, 2018) ("[Movant] has not presented any new arguments in the Motion for Stay that would compel the Court to alter its ruling or believe that [movant] is likely to succeed on the merits on appeal. Consequently, this factor weighs against granting the Motion for Stay."); *Carney v. United States Bank Nat'l Ass'n*, 2018 U.S. Dist. LEXIS 87319, at *9 (C.D. Cal. May 18, 2018) ("These arguments are merely a rehash of those made before the Bankruptcy Court.").

This Court has already found after four days of trial that there was no default under the Lease and that assumption should be granted.  Following four sets of pleading, two hearings, two extensive tentative rulings, a month-long submission of the matter, and an extensive Memorandum of Decision issued for publication, this Court has already determined that the Debtor is the prevailing party and entitled to an award of some of its fees.  The Reconsideration/Stay Motion simply rehashes the same arguments that this Court already ruled upon.

4.    *Reconsideration of the Court's Calculation of Fees and Costs in the Fee Order is Not Warranted*

The Landlord has a pattern of delay by asserting surprise whenever the Debtor rebuts any argument made by the Landlord. The Landlord has known about the requested October fees since the Debtor filed its Fee Motion on November 6, 2020.  The Landlord's claim that it has not had an opportunity to evaluate and respond to the October 2020 invoices is nonsensical and is not a due process violation.  The Landlord received notice and had the opportunity to raise this issue months ago.  The Landlord could have raised this at the continued hearing in January.  The Landlord made a conscious decision not to do so.  Regardless, as stated earlier, this Court made its own independent line by line review which is expressly and unambiguously set forth in its Memorandum of Decision. Thus, based on that fact alone, where is the mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud justifying reconsideration in good faith?

Under the facts before this Court, the Landlord's claim that it was blindsided, and it could not have taken any steps to address this issue before the Court issued its Memorandum of Decision, is disingenuous.  The Landlord was aware as early as December 2020 that the October fees were included in the Debtor's request, but did nothing.  The Landlord received the October 2020

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

10

35

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

invoices on January 13, 2021 but did nothing.  The Landlord, through two separate counsel, attended the continued hearing on the Fee Motion on January 29, 2021 but did not raise the October 2020 invoices as an issue.  The Landlord received the Memorandum of Decision on February 19, 2021 but did nothing.  The Landlord was not a victim of circumstances beyond its control.  The Landlord made a conscious decision to sit on its rights.  This behavior does not constitute "extraordinary circumstances" justifying relief under FRCP 60(b)(6).

The Court's reduction of fees and costs set forth in the Memorandum of Decision includes six time entries incurred by the Debtor in October 2020 totaling $783.50.  That is the sum total of deductions for October 2020.  As the Landlord is well aware, the four-day trial on the Assumption Motion took place in October 2020.  As evidenced by the Court's allowance of nearly all of the October 2020 fees and costs, the October 2020 fees and costs were incurred specifically in relation to the Lease Assumption Motion.  The time and cost entries fit within the Court's categorization of the types of fees that are reimbursable.

The Landlord's request for "reconsideration" of the October 2020 invoices does not fall within any cognizable legal ground authorizing reconsideration.  Equally inappropriate is the Landlord's request that the Court "reconsider" the Fee Order by the amount of time the Debtor incurred in preparing the Lease Assumption Motion.  The Lease Assumption Motion was filed on **October 10, 2019**.  The Landlord had ample time to raise an objection to any of those time entries.

Thus, there can be little doubt that inclusion of the request for reconsideration is a subterfuge for further delay designed to permit the Landlord to indirectly obtain a further stay without having to meet its evidentiary burden or provide any of the requisite protection to the Debtor, the estate, creditors and equity holders that the law requires.

**B.    The Landlord Has Failed to Establish Entitlement to a Stay Pending Appeal of the Fee Order**

FRBP 8007 governs a motion to stay a bankruptcy court's order on appeal. *DBD Credit Funding LLC v. Silicon Labs, Inc.*, 2016 U.S. Dist. LEXIS 162930, at *15 (N.D. Cal. Nov. 23, 2016).  "A stay is not a matter of right, even if irreparably injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is depending upon the circumstances

of the particular case." *Herrera v. Redding*, Case No. 1:14-cv-00164-LJO-BAM, 2019 U.S. Dist.

LEXIS 210190, *2 (E.D.Cal. Dec. 5, 2019). "[T]he power to grant a stay 'should be sparingly

employed and reserved for the exceptional situation." *In re Ricks*, 2015 Bankr. LEXIS 3988, at *4

(Bankr. D. Idaho Nov. 23, 2015).

"Appellants seeking a discretionary stay under [Rule 8007] must meet the terms of a test

virtually identical to that for a preliminary injunction." *DBD Credit Funding*, 2016 U.S. Dist. LEXIS

162930, at *15-16. "The question of whether a stay pending appeal is warranted requires

consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is

likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Herrera*, 2019 U.S. Dist. LEXIS 210190. at *2-3.

"[B]ecause a stay pending appeal is an extraordinary remedy, the court must examine the factors

with obligatory restraint." *In re Rivera*, 2015 U.S. Dist. LEXIS 151860, at *4 (N.D. Cal. Nov. 9,

2015).

"The party moving for a stay has the burden on each of these elements." *DBD Credit

Funding*, 2016 U.S. Dist. LEXIS 162903, at *16. "The first two factors are the most critical, but a

failure on any one factor requires the court to deny the application for a stay." *Id*. In other words, "a

failure on any one factor dooms the motion." *Id*. at *20.

The granting of a stay is a discretionary determination made on a case-by-case basis, and the

party requesting the stay bears the burden of showing circumstances justifying an exercise of that

discretion. *Nken v. Holder* (2009) 556 US 418, 433-434, 129 S.Ct. 1749, 1760-1761; *Winter v.

Natural Resources Defense Council, Inc*. (2008) 555 US 7, 24, 129 S.Ct. 365, 376. To prevail on a

request for a stay pending appeal, the moving party must, at a minimum, satisfy all four factors. *In

re Swartout*, 554 BR 474, 476 (Bankr.E.D.Cal. 2016). In this case, the Landlord has not sustained

its burden of satisfying any of these four factors.

### 1. *The Landlord Has Not Established a Substantial Case for Relief on the Merits*

"It is not enough that the chance of success on the merits be 'better than negligible.'" *Nken v.*

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

*Holder*, 556 U.S. 418, 434 (2009). "[M]ore than a mere 'possibility' or relief is required." *Id*. "For a stay pending appeal, the 'likelihood of success' element requires a [moving party] to establish, 'at a minimum, that she has a substantial case for relief on the merits." *In re Rivera*, 2015 U.S. Dist. LEXIS 151860, at *8. "Showing a 'likelihood' of success' requires that the movant raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re Juarez*, 2019 Bankr. LEXIS 623, at *5 (Bankr. D. Ariz. Feb. 26, 2019) (quoting *In re N. Plaza, LLC*, 395 B.R. 113, 121 (S.D. Cal. 2008)).

"Repetition of arguments previously made and rejected is insufficient to satisfy the first *Nken* factor." *Gens v. Kaelin*, 2017 U.S. Dist. LEXIS 111803, at *8 (N.D. Cal. July 18, 2017). See also *In re Akhlaghpour*, 2018 Bankr. LEXIS 2059, at *6-7 (Bankr. C.D. Cal. July 9, 2018) ("[Movant] has not presented any new arguments in the Motion for Stay that would compel the Court to alter its ruling or believe that [movant] is likely to succeed on the merits on appeal. Consequently, this factor weighs against granting the Motion for Stay."); *Carney v. United States Bank Nat'l Ass'n*, 2018 U.S. Dist. LEXIS 87319, at *9 (C.D. Cal. May 18, 2018) ("These arguments are merely a rehash of those made before the Bankruptcy Court.").

The Court already found that the Landlord did not satisfy its burden of proving the existence of any defaults, let alone "material defaults" under the Lease. These were findings of fact, and as such, the appellate court reviews the bankruptcy court's findings of fact for clear error. *In re Arizona Appetito's Stores, Inc.*, 893 F.2d 216, 218 (9th Cir. 1989) (citing *Sea Harvest Corp. v. Rivera Land Co.*, 868 F.2d 1077, 1078 (9th. Cir 1989).

Factual findings of a trial court are presumptively correct. Such findings will not be disturbed on appeal unless the reviewing court, in light of all the evidence, can conclude the trial court erred as a matter of law. *Seven Up Co. v. Cheer Up Sales Co.*, 148 F.2d 909 (8th Cir. 1945). A court must view the evidence in the light most favorable to the party who prevailed; such party must be given the benefit of all inferences that may be reasonably drawn from the evidence. It is not incumbent upon the Debtor to persuade the reviewing court that the trial court's findings of fact are correct. Instead, it is the Landlord's burden on appeal to persuade the District Court that the trial court's (this Court's) findings of fact are clearly erroneous. *Pacific Queen Fisheries v. Symes*, 307

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

F.2d 700, 707 (9th Cir. 1962). The presumption of correctness applies both in assessing conflicting

testimony, as well as documentary evidence and factual inferences drawn from undisputed facts.

*Constructora Maza, Inc. v. Banco de Ponce*, 616 F.2d 573 (1st Cir. 1980).

Perhaps the most descriptive explanation of the "clearly erroneous" standard was articulated

by the Seventh Circuit Court of Appeals in stating that to be clearly erroneous "*a decision must*

*strike us as more than just maybe or probably wrong; it must, as one member of this court recently*

*stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated*

*dead fish.*" *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F2d 228, 233 (7th Cir. 1988).

The United States Supreme Court has held the clearly erroneous standard plainly does not entitle a

reviewing court to reverse the trial court's finding of fact simply because it would have decided the

case differently. Rather, if the trial court's account of the evidence is plausible in light of the record

viewed in its entirety, the finding of fact stands even though the reviewing court would have

weighed the evidence differently. When there are two permissible views of the evidence, the trial

court's choice between them cannot be "clearly erroneous." *Anderson v. Bessemer City* 470 U.S.

564, 573-574 (1985).

The Landlord made similar arguments in the Landlord's Supplemental Brief when it sought a

deferral of the entry of the Fee Order pending the appeal of the Lease Assumption Motion. *[See*

*Landlord's Supp. Br. at p .20.].* Now, as then, the Landlord has failed to meet the Landlord's burden

of demonstrating a likelihood of success on appeal, which showing is required to support the

Landlord's request for a stay pending appeal. This Court found no default under the Lease, and

further noted that there was a serious credibility issue with the vague and often contradictory

testimony of the Landlord's primary witness, Mr. Chang, regarding such purported defaults.[3]  These

questions of fact as determined by the Court are unlikely to be reversed on appeal.

Although the Debtor opts not to fall down the Landlord's rabbit-hole of rearguing the entire

trial under the auspices of a stay motion, the Debtor will briefly respond to the Landlord's

_____

[3] Where a trier of fact infers that a witness has made false material statements, unless clearly erroneous, that finding of lack of credibility must stand. *United States Anchor Mortgage. Corp.*, 711 F.3d 745 (7th Cir. 2013).

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

contentions about its prospects of overturning the Court ruling.  The Landlord devotes substantial

effort to differentiating between a material and non-material breach under to 11 U.S.C. § 365(b)(1)

in an effort to mischaracterize the issue on appeal as a legal issue.  The Landlord's copious efforts

obfuscates the factual finding of this Court that no default occurred.  Following a four (4) day

evidentiary hearing on the Debtor's alleged defaults, this Court found that the Debtor was not in

default under the Lease.  The issue of materiality was only one component for the Court's finding.

The Landlord's argument obscures the totality of the record and this Court's factual findings with

respect to the default.  The provisions of Bankruptcy Code §365(b) are applicable only if "there has

been a **default** in . . . an unexpired lease of the debtor . . ." [11 U.S.C. § 365(b)(1)].  In the case at

issue on appeal, this Court found that no such default occurred.

Lack of materiality was only one of the grounds supporting that finding.  This Court was also

aware that the one rental payment was delayed as a result of a pending motion brought under Section

365(b) and under the COVID pandemic orders issues by the City and County of Los Angeles. The

Court noted that the Lease provides for late payment and a late fee.  As stated, the Landlord

presented absolutely no evidence whatsoever that it provided the requisite notice to the Debtor

required for the Landlord to declare a default under the Lease.  In fact, the first time that the

Landlord sprung the issue on the Debtor was in its trial brief.  The record is clear that the Debtor

made the payment immediately following the aforementioned hearing, and there was no evidence

presented by the Landlord at trial that a default had been declared by it (because no default had, in

fact, been declared).

When the Landlord's counsel questioned whether this Court's finding of no defaults was

based on the materiality of the defaults, this Court properly held that the Landlord could not

establish any defaults by the Debtor (whether material or not).  On that point, this Court stated:

> **I think you're misconstruing my ruling**.  The defaults that I found occurred I found were
> not material, and **I didn't find Mr. Chang credible on them, that he was -- I thought he
> was exaggerating them, and he had already certified that everything was fine when he
> signed the estoppel, that there were no defaults, and then he kept moving the target.**
>
> So I didn't find that there were any defaults at the time the Debtor filed bankruptcy, you
> know, that weren't cured, and the curing of **the late payment was -- I don't think -- I don't
> know that you can characterize that as a default, where the lease itself provides, you**

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

15

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1

**know, you pay it late, you pay the late fee, and that was done**. None of those were of a level that would warrant forfeiture of the lease.

I just cannot read 365 to say any teeny, tiny infraction means a Debtor-In-Possession loses the very valuable asset. That would not be in keeping with state law, which is what I'm supposed to apply in interpreting leases, and that's why I went through, at the beginning of my ruling, what California state law was. It says, 'If there has been a default in an executory contract,' and then whether it's a default is determined under state law, and I don't find it rises to that level as a term-of-art default, your state law.

So I disagree that that triggers everything in 365. I think the only question left after that is the Debtor's business judgment to assume it, which is a pretty low standard. I don't think there's anything left to do today, based on that, unless there's some other issue that I'm missing besides the question of a default.

[See, Trial Transcript, October 16, 2020, Page 55 - 56].

I think it is -- as far as the benefit to the estate, I know that Smart Capital had raised that business judgment test, but it just really has to be reasonable, and it's of benefit to the estate, because it is the only way left, I guess, to move on, is finding a way to operate this space, during and post-COVID, to continue paying the landlord from the receipts from W.E.R.M. But that low standard, I think, is met.

[See, Trial Transcript, October 16, 2020, Page 56, lines 16 – 23].

The Landlord's argument ignores this Court's finding of no default and ignores the contractual terms of the Lease. Furthermore, the Landlord's argument overlooks applicable law that the determination of a default occurs at the time the lease is assumed. **Section 365(b)(1) measures defaults "as of the time of assumption."** *In re Circle K Corp.* 190 BR 370, 376 (9th Cir. BAP 1996); see also *In re Rachels Indus., Inc.* 109 BR 797, 812 (Bankr. W.D. Tenn. 1990)(emphasis added). Thus, the right to assume depends on the debtor's cure of all existing defaults—both prepetition and post-petition. *Id.* This Court properly held that there were no defaults as of the time of assumption and the Landlord could not present evidence showing otherwise. Accordingly, there is ample support in the record for this Court's finding of no default apart from the issue of whether materiality is or is not a component of Bankruptcy Code §365(b).

In considering the totality of the record, this Court found that the Landlord failed dismally in establishing the existence of any default by a preponderance of the evidence. The Landlord chose not to call an expert to support its contentions regarding alleged violations under the CUB. The Landlord chose its witnesses, whose credibility was in serious doubt, and whose testimony, prior

16

admissions, and inconsistent testimony, justified a doubt as to their credibility. Now and on appeal, the Landlord is attempting to obfuscate its failure to present credible, competent and believable evidence to this Court required to meet its burden of establishing by a preponderance of the evidence that a default occurred.

After four (4) days of trial, and the Landlord's presentation of its case-in-chief on the issue of default, this Court found that the Landlord failed to meet its burden of showing that there was a default under 11 U.S.C. § 365(b) by the Debtor paying the April 2020 rent after the due date in the Lease and paying an associated late fee immediately upon notice in the Landlord's Trial Brief and prior to the Trial. The Landlord obscures the issue through means of misdirection by claiming incorrectly that this Court found a default under Section 365(b), but simply did not deem the default material. That is incomplete statement as to the basis for this Court's finding. The Landlord ignores the totality of the record and this Court's lengthy findings before addressing the issue of materiality.

Specifically, this Court found there was no default at all as of the time of assumption, and that therefore, it need not reach the requirements of Bankruptcy Code § 365(b) related to the late April 2020 payment because all rent payments and related late fees were paid prior to Trial. The provisions of Bankruptcy Code §365(b) are only applicable if "there has been a **default** in . . . an unexpired lease of the debtor . . ." [11 U.S.C. § 365(b)(1), emphasis added]. In other words, this Court found that no default occurred. Lack of materiality was only one of the grounds supporting that finding. This Court was also aware that the one rental payment was delayed as a result of a pending motion brought under Section 365(b) and under the COVID pandemic orders issues by the City and County of Los Angeles.

There is ample evidentiary support for this Court's finding that: "[r]eally a default **does not** exist at this time, because the lease provides for the payment of the rent late, as long as the late fees are paid." [See, Trial Transcript, October 16, 2020, Page 78, lines 8 - 10]. This Court went on to explain the basis for its finding that "…at the time when the rent was due, there was a motion…to excuse the April rent at the time, and the COVID shutdown and the lockdowns had just started at the end of March, and there was a legitimate question that needed to be analyzed at the time, whether the [Los Angeles] city's moratorium on payment of rent due to COVID income loss applied in this

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

17

situation or not."  This Court went on to state that it "did rule that it didn't apply, that the force

majeure clause of the lease overcame the city's special order, but I don't think it's an exaggeration to

say everyone was fairly confused and not operating at top speed in early April of this year, and we

started sorting things out and figuring normal business practices a few weeks after that, really, at the

earliest."  [See, Trial Transcript, October 16, 2020, Page 78]

Therefore, this Court did not find that the late payment constituted a default (particularly

when the rent was paid immediately following the hearing and prior to the assumption hearing) and

only discussed materiality as alternative support for its finding to that effect that if one were to find it

a default (which the Court did not) the Bankruptcy Court found the hypothetical default "immaterial,

[already] cured, and certainly [not enough to] justify forfeiture of the lease on that kind of

technicality, also where no harm has been shown."

The sole analysis relied upon by the Landlord relates to the materiality of late payment, while

ignoring the Court's factual findings that the April 2020 rent had been paid and that a late fee was

also paid prior to the Trial and immediately upon "notice" by The Landlord, which raised it for the

first time in its trial brief.

Furthermore, the predicate to a legal default under the Lease is notably absent. The trial

record is devoid of evidence that the Landlord provided the mandatory five-day notice of the

payment default, or that it was served in the manner required by section 22.1 of the Lease.  The

Landlord's argument contradicts the express terms of the Lease.  Article 16.1(a) of the Lease

provides that a payment default exists after **five business days' notice** of failure to pay, that is not

cured.  Article 16.1(a) of the Lease further states that after this five-day period expires, the Landlord

can provide written notice of the breach, can treat the failure to pay as a breach, and "shall have the

right, at Landlord's option, to terminate this Lease and all of the rights of Tenant in or to the

Premises."  At Trial, the Landlord submitted no testimony, documents or evidence demonstrating

that it provided the requisite notice or explaining why the Landlord failed to provide such notice to

the Debtor.

Indeed, the only testimony related to late rent payments was proffered by the Debtor, through

its witness, Mr. McAbian.  Mr. McAbian testified that the only time the Debtor did not pay rent

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

18

1   timely was in April 2020 when it paid rent later in the month after the Court held that the new

2   COVID-19 pandemic related rent deferments by the City of Los Angeles would not apply to the

3   Debtor under the Court's analysis.  Further, the only evidence related to the late fee was through Mr.

4   McAbian who explained that the Debtor paid the $1,620 late charge immediately after first receiving

5   notice from the Landlord through its Trial Brief.

6        Accordingly, the Landlord has failed to demonstrate that this Court "clearly erred" by finding

7   there was no default as to the April 2020 rent payment.  Therefore, the Landlord has not met its

8   burden of demonstrating a likelihood of success on the merits required for issuance of a stay.  The

9   Landlord has simply reargued the same arguments it made at trial and failed to establish by a

10  preponderance of the evidence.

11       ## 2.  *The Landlord Has Not Made a Sufficient Showing That It Will Be Irreparably*
12           *Harmed Absent a Stay*

13       The second factor is the likelihood of irreparable injury to the Landlord if a stay is not

14  granted.  "In its most basic sense, irreparable means 'incapable of being rectified, restored,

15  remedied, cured, regained or repaired[.]'" *In re Frantz*, 534 B.R. 378, 398 (Bankr. D. Idaho 2015)

16  (quoting Black's Law Dictionary 958 (10th ed. 2014)).  It is further defined as "[a]n injury that

17  cannot be adequately measured or compensated by money . . ." *Id*.

18       "Simply showing some 'possibility of irreparable injury' fails to satisfy the second factor,"

19  as the "'possibility' standard is too lenient." *Nken*, 556 U.S. at 434. "[B]oth the Supreme Court and

20  Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing

21  that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted." *In re

22  Juarez*, 2019 Bankr. LEXIS 623, at *6 (quoting *In re Red Mountain Mach. Co.*, 451 B.R. 897, 900

23  (Bankr. D. Ariz. 2011) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011))).

24       Moreover, the "sliding scale" approach, whereby a stronger showing as to one factor may

25  offset a weaker showing as to another, has been rejected by several courts in the context of staying

26  final orders pending appeal.  *See Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R.

27  113, 119-20 (S.D. Cal. 2008) (noting that factors were imported from the preliminary injunction

28  standard and that courts within the Ninth Circuit "have not agreed on how to apply the

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

discretionary stay factors when deciding whether to stay a final bankruptcy court order pending appeal."). A 'sliding scale' approach, which often results in disproportionately weighing the 'irreparable harm' prong, is appropriate for preliminary injunctions because a court deals with the dispute on first impressions, relies on a less-than-developed factual and legal record, and will ultimately revisit the issue down the road. In contrast, as is the case here – when a court has taken extensive evidence and briefing and issued a determination on the merits, an interest in finality arises. This finality would be rendered impotent if an enjoined party could raise the specter of irreparable injury to trump the trial court's order, no matter how unlikely an appellate victory on the merits. *Id*. at 120.

The Landlord has not demonstrated that it will be irreparably harmed absent a stay. In fact, the Landlord has been engaging in behavior that has already caused injury to the Debtor. The granting of a stay will only allow the Landlord additional time within which to deplete its assets and run the clock on fraudulent conveyances in the form of liens on the Landlord's real property. In the meantime, the Landlord continues to enjoy the benefits of the Debtor's performance. Should the Court deny the stay, because of the limitations under the Lease discussed below, the Debtor will be permitted to record a lien against the Property and offset against the rent. The Landlord will not be irreparably harmed by recordation of the lien because as explained below, the Landlord has already over-encumbered the Property. The Landlord will not be irreparably harmed by the offset against the rent because the Debtor is the only tenant paying rent, and the Debtor, through its related party WERM, has demonstrated an ability to satisfy the rental obligations in the future. After all, the Debtor has been timely paying rent despite WERM having been shuttered for over a year.

Moreover, in the interest of fairness, the Landlord should not be permitted to continue to use the Debtor's money to wage a scorched-earth war against the Debtor and get a free ride simply because it filed an appeal. No real harm will befall the Landlord if the Court denies issuance of the stay. In balancing the equities, real tangible harm will result to the Debtor, the estate, creditors and the equity holders from issuance of the stay.

3.    *The Issuance of a Stay Will Substantially Injure the Debtor, the Estate, Creditors and the Equity Holders*

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

Granting a stay in this case will cause substantial injury to the Debtor, the estate, creditors and the equity holders.  Absent some cognizable legal theory to pierce corporate formalities, the Lease provides for a limitation on the available property from which the Debtor can satisfy any judgment against the Landlord.  Specifically, Section 17.1 of the Lease provides in pertinent part:

> Notwithstanding anything contained in this Lease to the contrary, it is expressly understood and agreed that **any judgment against Landlord resulting from any default or other claim under this Lease** (excluding any claim involving misappropriation or fraud) shall be **satisfied only out of** (i) the **rents, issues, profits and other income** actually received from the operation of the Building, (ii) insurance proceeds, (iii) condemnation proceeds, and (iv) **Landlord's equity in the Building** and underlying realty, **and no other property of Landlord or its Representatives, wherever situated, shall be subject to levy on any judgment obtained against Landlord**.

Lease, Section 17.1 [Emphasis added].

Essentially, the Debtor's recourse against the Landlord appears limited to the Landlord's equity in the Property and rents generated by the Property.  The Debtor is the only tenant that is actually paying rent, and as such, the only source of rents generated by the Property.  Moreover, the Landlord has gutted the Property of all the equity.  Specifically, the Landlord has encumbered the Property in the aggregate amount of $30,200,000 as follows:

- On March 26, 2019, Smart Capital entered into a loan agreement with Preferred Bank for $11,200,000, secured by a deed of trust against the property.  [See, ***Exhibit B*** attached to this Opposition].

- On March 26, 2019, Sam Property Investments, LLC entered into a loan agreement with Preferred Bank for $12,000,000. This loan to another one of Mr. Chang's entities was also secured by a deed of trust against the property.  [See, ***Exhibit C*** attached to this Opposition]. The signatory to the loan on behalf of Sam Property is its manager, Michael Chang.

- On May 6, 2019, Michael Chang, in his individual capacity, entered into a loan agreement with Preferred Bank for $2,000,000. This loan to Mr. Chang individually is also secured by a deed of trust against the property.  [See, ***Exhibit D*** attached to this Opposition].  This loan matures in next month on May 1, 2021.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

- On September 17, 2019, Michael Chang, again in his individual capacity, entered into a loan agreement with Preferred Bank for another $5,000,000. This loan to Mr. Chang individually is also secured by a deed of trust against the property.  [See, ***Exhibit E*** attached to this Opposition].  This loan matures in five months on September 17, 2021.

Accordingly, the equity in the Property, which is the primary source of payment for the Fee Award, is nonexistent.  The Landlord has been unable to sell the Property for $25,000,000, although it has been marketed for a substantial period.   In addition to other adverse consequences, the delay will also permit the Landlord substantial time to further insulate itself from liability for such fees, as well as compound the harm to the Debtor and the estate by potentially cutting off any recourse for such efforts of the Landlord by allowing the running of time for applicable avoidance statutes.  The statute of limitations is running on avoidance actions with respect to those conveyances, and any further delay created by a stay of collection of the Fee Order will only inure to the benefit of the Landlord, at the extreme detriment of the Debtor.

The Debtor, the estate, creditors and the equity holders are already at substantial risk of collection.  Not only has the Landlord depleted all equity in the Property by a series of conveyances to secured creditors, further eroding the Landlord's equity position in the Property is the Landlord's failure to timely pay property taxes. The Property has been declared tax defaulted for tax years 2020/2021 and the redemption amount of $292,070.79, with a monthly penalty amount of $3,635.30. [See, ***Exhibit A*** attached to this Opposition]. The Landlord is not using the property tax money collected from the Debtor to pay property taxes. The Landlord's failure to pay property taxes is jeopardizing the Debtor's leasehold interest and the estate's ability to realize on the Fee Order.  The Landlord has enjoyed and continues to enjoy the benefits of continued payment of rent and CAM charges from the Debtor, and it collects the Debtor's portion of property taxes which it fails to remit to the taxing authority.

As the Court is aware, the Debtor and WERM have been unable to make use of the Premises and unable to operate for over a one year as a result of the pandemic closure.  In the meantime, the Landlord has enjoyed the benefits of timely payment of all rent, CAM charges, utilities, taxes, and other expenses.  If the Landlord's request for a stay is granted, it will permit the

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

Landlord to evade responsibility for the fees that it forced the estate to incur, thereby shifting to the Debtor, WERM and their principals the enormous burden of payment for such fees under the Debtor's plan of reorganization as well as the risk of future collection.  While the Landlord proposes to continue to enjoy the benefits of performance under the Lease, the rest of the creditors will once again suffer substantial delay in payment.  For these reasons, among others, granting the Landlord's request for a stay of the Fee Order pending appeal is patently unfair and prejudicial to the Debtor, WERM, the estate, creditors and equity holders.

In balancing the inequities, the Landlord, on the one hand, has depleted all of the equity in the Property; failed to timely pay the property taxes; caused the estate to incur substantial losses from vandalism and theft; and is apparently utilizing the proceeds of the Debtor's performance to wage its scorched-earth war against the Debtor.  The Debtor, on the other hand, is prevented from using the Property; compelled to perform its monetary obligations under the Lease; suffering substantial monetary losses as a direct result of the Landlord's many breaches of the Lease; compelled to shoulder the burden of enormous legal fees incurred as result of the Landlord's actions; and its prospects for collection of the Fee Award has been placed in dire jeopardy as a result of the Landlord's excessive loans against the Property.

Yet, the Landlord has the temerity to seek a stay pending appeal that offers not a scintilla of protection to Debtor, the estate, creditors or the equity holders in exchange for the issuance of a stay. Why?  The sole reason provided is that the Landlord thinks it may prevail on appeal.  If that be the sole criteria for issuance of a stay (which fortunately, it is not), there can never be finality in any Bankruptcy Court order or judgment so long as the losing party has fifty-five cents for a postage stamp (or a lawyer to ECF file) a notice of appeal.

4.  *Public Interest Does Not Favor Issuance of a Stay*

"Generally, the public interest weighs against a stay, and in favor of moving forward with the case." *In re Stage Coach Venture, LLC*, 2017 Bankr. LEXIS 468, at *18 (Bankr. C.D. Cal. Feb. 17, 2017).  The public interest in this case lies in favor of holding the Landlord accountable for his repeated efforts to terminate the Lease, which it has undertaken with impunity because of a belief that there is no downside in doing so.  Finally, there is a public interest in awarding a party the

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1    prompt payment of the costs to which it is entitled. *See, e.g., Apple Inc. v. Samsung Elecs. Co.,* Case

2    No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS 111276, *95 (N.D. Cal. Aug. 20, 2015)

3    ("Recognizing that the prevailing party has an interest in the prompt payment of its taxable costs and

4    in light of the need to finally bring the litigation before this Court to an end, the Court finds that

5    there is no basis to defer a decision on the bill of costs pending Samsung's appeal.").

6         The potential for a reversal on the merits is always present when a party requests costs after

7    trial and their opponent seeks an appeal on the merits, yet "the rules nevertheless provide for a

8    standard procedure for seeking costs at this stage of litigation." *Tulalip Tribes v. Washington*, No.

9    15-CV-940 BJR, 2018 U.S. Dist. LEXIS 206360, *4 (W.D. Wash. Dec. 6, 2018*). See also Kan.*

10   *Tag-Along Action Only Associated Wholesale Grocers, Inc. v. United Potato Growers of Am., Inc.*

11   *(In re Fresh & Process Potatoes Antitrust Litig.),* Case No. 4:10-MD-2186-BLW, 2016 U.S. Dist.

12   LEXIS 94149, *18 (D. Idaho July 18, 2016) ("Here, the Court will exercise its discretion to not defer

13   a decision on costs pending a resolution of [the] appeal.  Although the Court foresees some

14   differences of opinion by the parties on what should be included in those costs, **the court does not**

15   **believe the burden of addressing the issue now outweighs the general rule that a prevailing**

16   **party has an interest in the prompt payment of its costs**. **And the Court finds no merit in [the]**

17   **argument that a potential reversal of this Court's decision on appeal would make the decision**

18   **premature. This argument can be made in every case and would require that the general rule**

19   **be changed to provide that costs and fees never be addressed pending appeal**."). The Landlord

20   has "not demonstrated that any unusual circumstances call for a nonstandard approach to costs in

21   this particular case." *Tulalip Tribes*, 2018 LEXIS 206360 at *4.

22        5. *Any Stay Must Be Conditioned Upon the Landlord's Posting of Security*

23        The stay should be denied so that the Debtor can commence offsetting against the rents.  This

24   is a fair result.  In the event the Court considers staying enforcement of the Fee Order pending the

25   Landlord's appeal of the Assumption Order, the Debtor requests that the Court condition the stay on

26   the Landlord's posting of security sufficient to protect the Debtor and the estate.  The conclusion of

27   all appellate remedies on the Assumption Order and the Fee Order will take considerable time,

28

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

possibly years, causing substantial delay and expense to the estate.  The Court may condition the

granting of a stay pending appeal upon the filing of a bond or other security.  FRBP 8007(c).

A bond should be in an amount at least 1.5 times the amount of fee and cost award in the Fee

Judgment to cover the underlying judgment, as well as costs and interest during the appeal.  In the

event the Landlord is unable to secure an acceptable bond, the Debtor urges the Court to deny the

Landlord's request for a stay.  The Debtor and the Debtor's estate should not bear all the risk

associated with the Landlord's appeal and delay in paying the final Fee Order.

IV.

CONCLUSION

For the foregoing reasons, the Debtor respectfully prays that the Court deny the Landlord's

Reconsideration/Stay Motion in its entirety.

Dated:  April 15, 2021                    LEECH TISHMAN FUSCALDO & LAMPL LLP

By:   /s/ Sandford L. Frey
Sandford L. Frey
Attorneys for Hawkeye Entertainment, LLC,
Debtor and Debtor-in-Possession

DEBTOR'S OPPOSITION TO MOTION FOR RECONSIDERATION/STAY PENDING APPEAL

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# EXHIBIT 3

Philip A. Toomey (State Bar No. 89598)
Sandford L. Frey (State Bar No. 117058)
Dennette A. Mulvaney (State Bar No. 133423)
Fadi K. Rasheed (State Bar No. 267175)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*
        *dmulvaney@leechtishman.com*

Reorganization Attorneys for Hawkeye Entertainment, LLC, Debtor and Debtor-in-Possession

FILED & ENTERED

MAR 08 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## [SAN FERNANDO VALLEY DIVISION]

| | |
|---|---|
| In re | CASE NO.: 1:19-bk-12102-MT |
| **HAWKEYE ENTERTAINMENT, LLC,** | **Chapter 11** |
| Debtor and Debtor-in-Possession. | **FINAL ORDER AND JUDGMENT FOR AN AWARD OF ATTORNEY'S FEES**<br><br>Hearing Date<br>Date:   January 29, 2021<br>Time:  10:30 a.m.<br>Ctrm:  302 (Via Zoom.Gov.)<br>        21041 Burbank Blvd.<br>        Woodland Hills, CA 91367 |

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1

A hearing was held on the date and time set forth above to consider the *Motion for Attorney Fees and Costs Re Trial on Contested Motion for an Order (1) Authorizing the Assumption of Non-Residential Real Property Lease and Sublease; (2) Determining the Debtor and Sublessor Not to Be in Breach or Default, Thereby Deeming Them in Compliance With Bankruptcy Code § 365(b)(1)(A) and Excusing the Debtor From any Additional Compliance with § 365(b)(1)(B) and (C)[Docket No. 232]* ("Motion") filed by Hawkeye Entertainment, LLC, Debtor and Debtor in Possession ("Debtor").

The Court read and considered the Motion, the Opposition filed by Smart Capital Investments I, LLC, a California limited liability company, Smart Capital Investments II, LLC, a California limited liability company, Smart Capital Investments III, LLC, a California limited liability company, Smart Capital Investments IV, LLC, a California limited liability company, and Smart Capital Investments V, LLC, a California limited liability company (collectively, "Smart Capital" or "Landlord"), the Reply to Opposition filed by the Debtor, all papers filed in support thereof, as well as the record in the case.

Sandford L. Frey, Philip A. Toomey and Fadi K. Rasheed of Leech Tishman Fuscaldo & Lampl Inc. appeared on behalf of the Debtor.  Steven F. Werth of SulmeyerKupetz and Richard I. Wideman appeared on behalf of Smart Capital.

The Court read and considered the Motion, the Opposition, the Reply, all papers filed in support thereof, as well as the record in the case.  The Court issued its Memorandum Decision on Debtor's Motion for an Award of Attorney's Fees [Docket No. 287] in connection with the Motion and incorporated herein ("Memorandum of Decision").

The Court having also heard and considered the arguments of counsel made during the hearing; notice appearing timely, adequate, and proper under the circumstances; and good cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is hereby Granted in the amounts as set forth below, for the reasons set forth in the Memorandum Decision (which is hereby adopted by the Court), and as set forth on the Court's Official Record of the Proceedings.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

2.      Fees and costs in the amount of $605,937.40 are hereby awarded in favor of the Debtor and jointly and severally against Smart Capital Investments I, LLC, a California limited liability company, Smart Capital Investments II, LLC, a California limited liability company, Smart Capital Investments III, LLC, a California limited liability company, Smart Capital Investments IV, LLC, a California limited liability company, and Smart Capital Investments V, LLC, a California limited liability company.

3.      This order and judgment is final.

### 

Date: March 8, 2021

Maureen A. Tighe
United States Bankruptcy Judge

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# EXHIBIT 4

1   Sandford L. Frey (State Bar No. 117058)
    **LEECH TISHMAN FUSCALDO & LAMPL, INC.**
2   200 S. Los Robles Avenue, Suite 300
    Pasadena, California 91101
3   Telephone: (626) 796-4000; Facsimile: (626) 795-6321
4   E-mail: *sfrey@leechtishman.com*

5   Philip A. Toomey (SBN 089598)
    Fadi K. Rasheed (SBN 267175)
6   **LEECH TISHMAN FUSCALDO & LAMPL, INC.**
    2041 Rosecrans Avenue, Suite 300
7   El Segundo, California 90245
    Telephone: (424) 738-4400
8   Facsimile: (424) 738-5080
    Email: ptoomey@leechtishman.com
9          frasheed@leechtishman.com

10  Reorganization Attorneys for
    Hawkeye Entertainment, LLC
11  Debtor and Debtor-in-Possession



FILED & ENTERED

MAY 19 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl     DEPUTY CLERK

12

13              **UNITED STATES BANKRUPTCY COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                  **SAN FERNANDO DIVISION**

16  In re                              CASE NO.: 1:19-bk-12102-MT

17  **HAWKEYE ENTERTAINMENT, LLC,**    **Chapter 11**

18                                     **ORDER ON MOTION OF SMART**
                                       **CAPITAL INVESTMENTS FOR AN**
19        Debtor and Debtor-in-Possession.  **ORDER RECONSIDERING THE**
                                       **COURT'S FEE ORDER PURSUANT TO**
20                                     **RULE 9024 OF THE FEDERAL RULES**
                                       **OF BANKRUPTCY PROCEDURE, OR IN**
21                                     **THE ALTERNATIVE, GRANTING STAY**
                                       **PENDING APPEAL**
22
                                       Date:    April 29, 2021
23                                     Time:    10:00 a.m.
                                       Ctrm:    302
24                                              United States Bankruptcy Court
                                                21041 Burbank Blvd,
25                                              Woodland Hills, CA 91367

26

27      A hearing was held on the date and time set forth above to consider the *Motion of Smart*

28  *Capital Investments for an Order Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the*

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626-796-4000

*Federal Rules of Bankruptcy Procedure, or in the Alternative, Granting Stay Pending Appeal*, which was filed on March 22, 2021 [Docket No. 300] ("Reconsideration/Stay Motion") by Smart Capital Investments I, LLC, a California limited liability company, Smart Capital Investments II, LLC, a California limited liability company, Smart Capital Investments III, LLC, a California limited liability company, Smart Capital Investments IV, LLC, a California limited liability company, and Smart Capital Investments V, LLC, a California limited liability company (collectively, "Smart Capital" or "Landlord").

Steven F. Werth of SulmeyerKupetz, a Professional Corporation appeared on behalf of Smart Capital. Philip A. Toomey, Sandford L. Frey and Fadi K. Rasheed of Leech Tishman Fuscaldo & Lampl, Inc. appeared on behalf of Hawkeye Entertainment, LLC, Debtor and Debtor in Possession ("Debtor"). No other appearances were made.

The Court read and considered the Reconsideration/Stay Motion; the *Opposition of Debtor to Motion of Smart Capital Investments for an Order Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, or in the Alternative, Granting Stay Pending Appeal* filed by the Debtor on April 15, 2021 [Docket No. 310]; the Reply filed by Smart Capital on April 26, 2021 [Docket No. 317]; all papers filed in support of the foregoing; and the record in the case. The Court issued its *Notice of Tentative Ruling on Smart Capital's Motion for Reconsideration* [Docket No. 321], which is incorporated into this Order by reference ("Tentative Ruling").

The Court having also heard and considered the arguments of counsel made during the hearing; notice appearing timely, adequate, and proper under the circumstances; and good cause appearing therefor; it is hereby:

**ORDERED** that the Court temporarily reduces the attorney fee award to the Debtor on account of the services performed by its counsel, Leech Tishman Fuscaldo & Lampl, Inc. ("LeechTishman") to the amount of $415,491.64 (the "Ordered Attorney Fees") by removing provisionally the October 2020 fees and costs previously awarded, on the condition that the Landlord files and serves a supplemental brief describing its objections to the October 2020 time sheets by **May 7, 2021**; it is further,

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

**ORDERED** that the Debtor may file its response to the Landlord's supplemental brief describing its objections on or before **May 14, 2021**; it is further,

**ORDERED** that the Court will issue a further order related to the October 2020 fees and costs, and if the request for such fees is granted (in whole or part), the October 2020 fees and costs awarded shall be added to the Ordered Attorney Fees, and the entire amount shall be subject to the terms of this Order; it is further,

**ORDERED** that a stay pending appeal is granted upon the condition that, in order to protect the Debtor and the estate from further risk and harm resulting from issuance of such stay, and until further order of this Court, all monetary obligations due by the Debtor to the Landlord under any of the terms or provisions of the *Lease Agreement* dated July 17, 2009 as modified by *First Amendment to Lease Agreement*, dated August 19, 2014  (collectively, the "Lease"), including, without limitation, Minimum Rent pursuant to Article 1.14 and 6.1 ("Minimum Rent"), Additional Rent pursuant to Article 6.4,Tenant's Share of Taxes pursuant to Article 7, CAM charges, property taxes and any and all other monetary obligations  (collectively "Rental Obligations") (including Article 10 of the First Amendment) shall be paid into a segregated trust account established and maintained by LeechTishman ("Rental Trust Account"),; it is further,

**ORDERED** that Debtor shall timely deposit the Rental Obligations into the Rental Trust Account in accordance with the requirements as set forth in the Lease, and that if any of the Rental Obligations are not so made, that it shall be deemed that Landlord has issued, and Debtor has received, the written notice set forth in Article 6.6 of the Lease and the late charge described therein shall also be calculated and deposited for any delinquent amount not deposited by the end of the sixth business date after the date of deemed notice; it is further,

**ORDERED** that counsel for the Debtor shall notify counsel for the Landlord and this Court of any Rental Obligations not deposited into the Rental Trust Account by the fifth business date after the date of notice; it is further,

**ORDERED** that payment of the Rental Obligations into the Rental Trust Account shall be permitted until all such payments equal the total Ordered Attorney Fees plus an amount equal to one-month Minimum Rent as determined at the time of such final payment; it is further,

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

**ORDERED** that (a) payment of the Rental Obligations into the Rental Trust Account as provided in this Order shall be full and complete compliance with the Debtor's monetary obligations under the Lease; (b) that notwithstanding any provision of the Lease to the contrary, timely payment of the Rental Obligations into the Rental Trust Account shall not be grounds for default under the Lease; and (c)  provided payment of the Rental Obligations has been made by the Debtor into the Rental Trust Account, the Landlord shall be precluded from declaring a default or event of default under the Lease arising from, or related to, such Rental Obligations; it is further,

**ORDERED** that counsel for the Landlord and the Debtor shall meet and confer not less than every 90-days related to the Rental Trust Account, and counsel for the Landlord shall be entitled, for the sole purpose of providing reasonable assurance of payment of Rental Obligations, to review upon 10-days written request, and at reasonable intervals, Rental Trust Account statements; it is further,

**ORDERED** that, except for the Debtor's right to setoff the Attorney's Fee Award pending the appeal, the provisions of this Order are without prejudice to any and all other setoff and/or recoupment rights of the Debtor under the Lease and applicable law (including against the Rental Obligations in the Rental Trust Account), including, without limitation, for payment of Delinquent Taxes pursuant to Article 7.4 of the Lease; and it is further,

**ORDERED** that this Court retains jurisdiction to modify or amend this Order at any time upon motion of either party.

###

Date: May 19, 2021

Maureen A. Tighe
United States Bankruptcy Judge

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12



FILED & ENTERED

JUN 11 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

13  In re:
14  Hawkeye Entertainment, LLC
15
16
17
18                    Debtor(s).
19

Case No.: 1:19-bk-12102-MT

CHAPTER 11

**ORDER GRANTING ATTORNEYS FEES
AND COSTS TO HAWKEYE
ENTERTAINMENT LLC FOR THE MONTH
OF OCTOBER 2020.**

(No Hearing Required)

20
21      During October 2020, the Court conducted a four-day trial on Hawkeye
22  Entertainment LLC's ("Debtor") motion to assume the lease ("Assumption
23  Motion") between it and the landlord Smart Capital Investments ("Smart Capital").
24  The Court granted the Assumption Motion over Smart Capital's objection.
25      On November 6, 2020 the Debtor filed a motion for attorney fees and costs,
26  Dkt. No. 232, which Smart Capital opposed. The Court issued a decision, Dkt. No.
27  287, and entered an order granting attorney fees and costs on March 8, 2021. Dkt.
28  No. 297. On March 22, 2021, Smart Capital filed a motion to reconsider fee order

pursuant to Federal Rule of Bankruptcy Procedure 9024. Dkt. No. 300, which Debtor opposed Dkt. No. 310.

A hearing was held on Smart Capital's reconsideration motion on April 29, 2021, and the Court granted reconsideration as to the Debtor's attorney fees and costs for the month of October 2020. It provided Smart Capital an opportunity to raise any concerns it had about the reasonableness of those fees. Both parties timely filed supplemental briefs on this issue. Having reviewed these briefs and having performed an independent review of the time sheets, the Court makes the following findings. Nothing in this order is designed to change or alter the Court's previous ruling on granting attorney fees and costs to the Debtor, rather, the purpose of this order is to address the reasonableness of the Debtor's attorney fees and costs and whether these fees fall under the purview of the types and fees and costs that the Court previously granted.

Attorneys can be recovered only to the extent they are reasonable. In re SNTL Corp., 571 F.3d 826, 842 (9th Cir. 2009); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (once a party has established its entitlement to attorney's fees, "[i]t remains for the district court to determine what fee is 'reasonable'"). To determine whether the fees sought are reasonable under federal law, the court must first calculate the "lodestar figure" by multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate." Hensley, 461 U.S. at 433. The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services. See Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003); Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). The party requesting fees bears the burden of adducing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984); Jordan, 815 F.2d at 1263.

59

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Hensley</u>, 461 U.S. at 433. "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" See <u>Van Gerwen v. Guarantee Mut. Life Co.</u>, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting <u>Hensley</u>, 461 U.S. at 434).

After calculating the "lodestar" amount, the court must determine whether it should be adjusted, considering factors such as (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Camacho v. Bridgeport Financial, Inc.</u>, 523 F.3d 973, 982 (9th Cir. 2008) ("While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975)"; <u>Sakaria v. FMS Investment *Corp.*</u>, No. 08-00330, 2009 U.S. Dist. LEXIS 40171, 2009 WL 1322356, *2 (D. Haw. May 12, 2009).

The hourly rate of Debtor's Counsel is reasonable. As with Smart Capital, Debtor's Counsel are highly skilled lawyers and perform admirable work on behalf of their clients, their rate reflects their degree of knowledge and the quality of service that they provide their clients. Smart Capital does not dispute the hourly rate; rather, it objects to certain line items. Smart Capital's opposition to the

60

October attorney fees and costs are broken down into three basic categories: 1) fees that do not relate to the Assumption Motion, 2) fees that relate to the Assumption Motion but where Smart Capital prevailed, and 3) fees that Smart Capital asserts are unreasonable.

*Not Related to Assumption Motion:*

As the Court found in its memorandum decision (Dkt. No. 287), the Debtor is only entitled to an award of attorney fees and costs that related to the Assumption Motion. Attorney fees and costs that were incurred for other purposes, mainly fees and cost incurred in the administration of the bankruptcy case, are disallowed. Smart Capital identified several categories that do not relate the Assumption Motion. First, there are several tasks that were incurred for case administration that the court did not remove on its last review, Smart Capital's Exhibit 2, and the Court will reduce Debtor's fee award by $287.00.

Next Smart Capital refers to fees that were incurred for the purposes of the Debtor's motion to extend exclusivity. Smart Capital's Exhibit 3. The Court agrees these fees are not related to the Assumption Motion; however, the Court disagrees as to the one of the entries listed. One of the line items relates to Sandy Frey's appearance at a hearing on the motion to extend the exclusivity and motion in limine on October 7, 2020. The motion to extend exclusivity was not opposed and the hearing gravitated towards the evidentiary issues in the motion in limine. The Court will address the motion in limine issue in a moment. That said, the time entry states the task is for both motions. The Court will reduce the amount time it awards Debtor's Counsel for this task from one hour to a half hour. The Court will reduce the attorney fee award amount by $516.00 for fees and costs associated with Debtor's exclusivity period motion.

The final item that Smart Capital alleges does not fall under the ambit of the Assumption Motion relates to Debtor's cash collateral motion. Smart Capital's

Exhibit 9. The Court agrees with Smart Capital and will reduce the Debtor's attorney fee and cost award by $412.50.

*Related to Assumption Motion but Smart Capital Prevailed:*

The next general category of entries that Smart Capital opposes were ancillary to the assumption motion and where Smart Capital prevailed. These include fees and costs incurred by the Debtor in defense of a motion to compel, to prosecute a motion in limine, and preparation of an order granting the Assumption Motion. While the Court appreciates Smart Capital's position, distinguishing each aspect of a discovery motion or evidentiary objection is not appropriate under the prevailing party standard. The Court awarded the Debtor attorney fees and costs that were incurred for purposes of the Assumption Motion; that generally includes any discovery and evidentiary disputes.

The fees and costs relating to the order granting the assumption motion, on the other hand, raise questions about reasonableness. The Court granted the assumption motion and made its findings of fact and conclusions of law on the record and then instructed the Debtor to submit the order memorializing that decision. This was relatively simple task, but the Debtor incurred nearly $9,300.00 in fees. Smart Capital's Exhibit 6. After lodging the proposed order with the Court, Smart Capital objected to the form of order and submitted its own form of order. The Debtor replied to Smart Capital's objection and at the end of the day, the Court used most of the language from Smart Capital's order. This task should not have required the amount of time that Debtor's counsel put forth on this matter. The Court will reduce the fees and costs associated with the drafting of the order by half, $4,650.00, which the Court believes reflects a more appropriate rate.

62

*Unreasonable Fees:*

Smart Capital's final category objecting to fees relates to compensation for activities that Smart Capital believes is unreasonable. The first is the number of attorneys that were present at trial. Debtor had three attorneys present at the four-day hearing on the Assumption Motion. The Assumption Motion was rather complicated, not only as to the law but also the facts, and these three lawyers have all been relatively important on different aspects of the case. Because this was a breach of contract dispute within the confines of a bankruptcy case, the need for having multiple attorneys was greater, especially where one was a witness for part of the time. The Court finds no basis to reduce fees based on the Debtor having three attorneys present.

The next concern Smart Capital has relates to fees associated with meeting and conferring with opposing counsel. The Debtor's and Smart Capital's counsel met and conferred about tasks relating to trial. Smart Capital asserts that it did so in good faith and that it should not be punished by awarding attorneys fees to the Debtor on these tasks. While being a zealous advocate for his client, there is no dispute that Smart Capital's counsel has been cooperative with Debtor's counsel. There is a long complex history between the parties and this was a tough issue for both sides. Despite tensions between the parties being high, the attorneys were able to provide a relatively streamlined and efficient hearing on the Assumption Motion. Without these efforts, this hearing would likely have gone on much longer than it did. It would be unfair to award attorney's fees incurred for time well spent resolving issues that reduced the time spent at the hearing. Further, the Court does not want to possibly hinder any future cooperation from parties. Accordingly, the attorney's fee award will be reduced by $2,470.00.

For all of these reasons, IT IS HEREBY ORDERED:

The Court awards the Debtor $182,110.26 in attorney's fees and costs it incurred for the month of October 2020 against, jointly and severally, Smart Capital Investments I, LLC, a California limited liability company, Smart Capital Investments II, LLC, a California limited liability company, Smart Capital Investments III, LLC, a California limited liability company, Smart Capital Investments IV, LLC, a California limited liability company, and Smart Capital Investments V, LLC, a California limited liability company.

###

Date: June 11, 2021

Maureen A. Tighe
United States Bankruptcy Judge

64

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER REMOVING JUDGMENT LIEN AND/OR REQUIRING WITHDRAWAL OF ABSTRACT OF JUDGMENT RECORDED BY DEBTOR AND RELEASING THE LIEN AGAINST LANDLORD'S REAL PROPERTY; DECLARATIONS OF STEVEN F. WERTH AND MICHAEL S. CHANG** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 7, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

Sandford L. Frey on behalf of Attorney Leech Tishman Fuscaldo & Lampl, Inc.
sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com

Sandford L. Frey on behalf of Debtor Hawkeye Entertainment, LLC
sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com

David S Kupetz on behalf of Interested Party Courtesy NEF
dkupetz@sulmeyerlaw.com,
dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

Jeffrey S Shinbrot on behalf of Interested Party W.E.R.M.Investments, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

David A Tilem on behalf of Interested Party Courtesy NEF
davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Steven Werth on behalf of Creditor Smart Capital Investments I, LLC, Smart Capital Investments II, LLC, Smart Capital Investments III, LLC, Smart Capital Investments IV, LLC, and Smart Capital Investments V LLC
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

SFW 2712916v2

Steven Werth on behalf of Interested Party Courtesy NEF
swerth@sulmeyerlaw.com,
cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page.

## 2. **SERVED BY UNITED STATES MAIL**:

On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

## 3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
(*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 7, 2021 | Patricia Dillamar | */s/Patricia Dillamar* |
| *Date* | *Printed Name* | *Signature* |

SFW 2712916v2 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**