Sandford L. Frey (State Bar No. 117058)
Dennette A. Mulvaney (State Bar No. 133423)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*
       *dmulvaney@leechtishman.com*

Philip A. Toomey (SBN 089598)
Fadi K. Rasheed (SBN 267175)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
2041 Rosecrans Avenue, Suite 300
El Segundo, California 90245
Telephone: (424) 738-4400
Facsimile: (424) 738-5080
Email: ptoomey@leechtishman.com
       frasheed@leechtishman.com

Attorneys for Hawkeye Entertainment, LLC
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**[SAN FERNANDO VALLEY DIVISION]**

| | |
|---|---|
| In re<br><br>**HAWKEYE ENTERTAINMENT, LLC**<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 1:19-bk-12102-MT<br><br>**Chapter 11**<br><br>**DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN AND/OR REQUIRING WITHDRAWAL OF ABSTRACT OF JUDGMENT RECORDED BY DEBTOR AND RELEASING THE LIEN AGAINST LANDLORD'S REAL PROPERTY; DECLARATION OF LYDIA MOYA**<br><br>**Date:** August 4, 2021<br>**Time:** 11:00 a.m.<br>**Zoom Info:** To be Posted<br>**Ctrm:** 302<br>   United States Bankruptcy Court<br>   21041 Burbank Boulevard<br>   Woodland Hills, CA 91367 |

## **TABLE OF CONTENTS**

**I.** INTRODUCTION ..........................................................................................................................1

**II.** THE JUDGMENT LIEN WAS PROPERLY PERFECTED ..........................................................5

**III.** RETROACTIVE APPLICATION OF THE STAY ORDER IS INAPPROPRIATE ....................8

**IV.** REMOVAL OF THE JUDGMENT LIEN WILL CAUSE SUBSTANTIAL INJURY TO THE DEBTOR, THE ESTATE, CREDITORS AND EQUITY HOLDERS ...............................................11

**V.** CONCLUSION ...........................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Cal. Commerce Bank v. Superior Court,* 8 Cal. App 4th 582, 10 Cal. Rptr. 2d 418 (1992) ................ 7

*Hawaii Housing Auth. V. Midkiff*, 463 U.S. 1323, 104 S. Ct. 7 L.Ed. 2d 1426 (1983) ...................... 9

*In Re Brown*, 290 B.R. 415 (Bankr. M.D. Fla. 2003) ................................................................... 5, 6

*In re Lashley*, 825 f.2d 362 (11th Cir. 1987) ................................................................................... 6

*Indus. Indem. Co. v. Levine*, 49 Cal. App. 3d 698 Cal. Rptr. 712 (1975)............................................ 8

*Khan v. Shamrock Ptnrs., LTD*, 292 F. App'x 604 (9th Cir. 2008)..................................................... 10

*Larry Santos Prod. V. Joss Org., Inc.*, 682 F. Supp. 905 (E.D. Mich. 1988) .................................... 10

*Noli v. Comm'r*, 860 F.2d 1521 (9th Cir. 1988) ................................................................................. 6

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 211 F.R.D. 197 (S.D.N.Y. 2002)............................ 11

*Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc*, 40 F. Supp. 2d 1141 (C.D. Cal. 1999)........ 9, 10

*Sewell v. MGF Funding, Inc., (In re Sewell),* 345 B.R. 174 (Bankr. 9th Cir. 2006) ....................... 5, 6

*Telecom Asset Mgmt., LLC v. Fiberlight, LLC*, No. 14-cv-00728-SI, 2017 U.S. Dist. LEXIS 29919 (N.D. Cal. Mar.2, 2017)........................................................................................... 11

*Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods.*, 2008 U.S. Dist. LEXIS 105853, 2008 WL 5412469 (D. Colo. Dec. 24, 2008) ............................................................................. 10

**Statutes**

California Code of Civil Procedure section 674 ................................................................................ 8

California Code of Civil Procedure section 681 ................................................................................ 8

California Code of Civil Procedure section 697.040 .................................................................... 6, 7

California Code of Civil Procedure section 917.1 ........................................................................ 6, 7

Federal Rule of Bankruptcy Procedure Rule 5003 ........................................................................... 5

Federal Rule of Bankruptcy Procedure Rule 8007 ........................................................................... 9

Federal Rule of Bankruptcy Procedure Rule 9001 ........................................................................... 5

Federal Rule of Bankruptcy Procedure Rule 9021 ........................................................................... 5

Federal Rule of Civil Procedure Rule 62 ............................................................................... 8, 9, 10

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

Hawkeye Entertainment, LLC, Debtor and Debtor in Possession ("**Debtor**") respectfully submits the following Opposition to *Landlord's Motion for Order Removing Judgment Lien and/or Requiring Withdrawal of Abstract of Judgment Recorded by Debtor and Releasing the Lien Against Landlord's Real Property* [Docket No. 379] ("**Motion**") filed by Smart Capital Investments I, LLC, Smart Capital Investments II, LLC, Smart Capital Investments III, LLC, Smart Capital Investments IV, LLC and Smart Capital Investments V, LLC ("**Smart Capital**" or "**Landlord**").

## I.

## INTRODUCTION

On May 12, 2021, an abstract of judgment ("**Abstract**") was recorded with the Los Angeles County Recorder's Office, resulting in a lien ("**Judgment Lien**") against real property owned by Smart Capital ("**Property**"). The Judgment Lien was not recorded in violation of the stay pending appeal. Rather, it was sought and recorded before entry of the order. The retroactive removal requested by the Motion is unsupported under existing law. Regardless, the Judgment Lien, which the Motion seeks to remove, is appropriate and **essential** for the protection of the Debtor, the bankruptcy estate, creditors and parties in interest. Although impounding of rents offers some source of potential recovery, it offers little in the way of protection for the Debtor, the bankruptcy estate, creditors and parties in interest. In other words, the impounding of rents does not offer the same level of protection as a security interest or bond.

By way of example, the impounding of rents still exposes the Debtor, the estate and creditors to a substantial and material risk that funds being held in Leech Tishman's trust account will be pursued by a bankruptcy trustee or estate fiduciary should Smart Capital later file for bankruptcy protection, including potential turnover and avoidance actions. Similarly, such funds may well be exposed to execution by competing judgment creditors. Absent the Judgment Lien, Mr. Chang is entirely unrestrained in his ability to continue to deplete the Property of any remaining equity without the knowledge of the Debtor and its creditors. To remind the Court, the lease between the Debtor and the Landlord limits the sources of the Debtor's recovery against the Landlord to the equity in the real estate and rents. Here, there is little equity in the real estate as a result of the

1

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

numerous trust deeds previously placed on the real property by Smart Capital, Mr. Chang and his related entities without the Debtor's knowledge. Specifically, Smart Capital, through Mr. Chang, encumbered the real property in the aggregate amount of $30,200,000 as follows:

- On March 26, 2019, Smart Capital entered into a loan agreement with Preferred Bank for $11,200,000, secured by a deed of trust against the Property.
- On March 26, 2019, Sam Property Investments, LLC ("**Sam Property**") entered into a loan agreement with Preferred Bank for $12,000,000. This loan to another one of Mr. Chang's entities was also secured by a deed of trust against the Property. The signatory to the loan on behalf of Sam Property is its manager, Michael Chang.
- On May 6, 2019, Michael Chang, in his individual capacity, entered into a loan agreement with Preferred Bank for $2,000,000. This loan to Mr. Chang individually is also secured by a deed of trust against the Property.
- On September 17, 2019, Michael Chang, again in his individual capacity, entered into a loan agreement with Preferred Bank for another $5,000,000. This loan to Mr. Chang individually is also secured by a deed of trust against the Property.

*See* Motion, Exhibit "2."

The Judgment Lien ensures that the Debtor and creditors will at least be notified in the event that additional liens are sought. In addition, it perfects the priority of the claim against Smart Capital held in favor of the Debtor's estate ("**Estate**").

The purported harm articulated in the Motion regarding refinancing is unsupported by admissible evidence. Moreover, it is illusory. Even assuming that the purported purpose of the refinance requested by Smart Capital is designed to replace one claim and lien for another of equivalent amount, and not designed to further pilfer the real estate of what little equity remains, the Debtor can subordinate to the replacement financing (or the Court can order the Debtor to subordinate should it unreasonably and unjustifiably refuse to do so). If, on the other hand, the real purpose of the refinancing is to further divert the equity to Mr. Chang and/or his related entities (as Mr. Chang has already done in the past), it will put the Debtor, the Estate and creditors at further risk

of collection and should not be countenanced by means of this Motion. Presumably, the junior lienholders will likewise need to subordinate their lien rights to accomplish refinancing and yet are not subjected to the drastic remedy of having the entirety of their liens removed. Similarly, the Debtor can subordinate its lien sans the drastic, and potentially irreparable, remedy of having to forego its entirety of its lien thereby putting it at further risk.

Had the Debtor anticipated that Smart Capital would have the temerity to seek retroactive removal of the Judgment Lien, the Debtor would have argued more vehemently for the posting of a bond pending appeal, which offers far greater protection than impounding rents. An appeal bond, being issued by an independent third party, is not subject to the same risks as the mere impounding of rents.

On March 22, 2021, after this Court awarded the Debtor $605,937.40 in attorneys' fees and costs as the prevailing party pursuant to the *Final Order and Judgment for an Award of Attorney's Fees* [Docket No. 297] ("**Fee Judgment**") entered on March 8, 2021, Smart Capital filed its *Motion of Smart Capital Investments for an Order Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, of in the Alternative, Granting Stay Pending Appeal* [Docket No. 300] ("**Reconsideration/Stay Motion**").

In the Reconsideration/Stay Motion, Smart Capital argued that a stay should issue pending its appeal of the Fee Judgment, and that *the Debtor* should provide security to protect Smart Capital pending its appeal. The Court dismissed Smart Capital's specious argument that the Debtor should be the party providing security pending the appeal and instead issued its *Order on Motion of Smart Capital Investments for an Order Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, or in the Alternative, Granting Stay Pending Appeal* [Docket No. 334] ("**Stay Order**" with attached Tentative Ruling "**April 29, 2021 Tentative Ruling**"), which provided some source of payment for the Debtor and the Estate in light of the risk and harm resulting from the issuance of a stay. The Stay Order conditioned a stay of the Fee Judgment (and the subsequently entered *Order Granting Fees and Costs to Hawkeye Entertainment, LLC for the Month of October 2020* [Docket No. 360] ("**October Fee Order**" and together with the

3

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

Fee Judgment, the "**Fee Judgments**") on the Debtor depositing all monetary obligations, including monthly rental payments, owing to the Smart Capital pursuant to the Lease Agreement dated July 17, 2009 as modified by the First Amendment of Lease Agreement dated August 19, 2014 ("collectively, the "**Lease**"), into a segregated account held by Debtor's counsel.

In the Motion, Smart Capital describes the Court's ruling in the Stay Order as a "*harsh sanction*" upon Smart Capital as a condition of imposing a stay pending its appeal. Nothing could be farther from the truth. In reality, the Debtor has been tasked with financing Smart Capital's bond on appeal. At the rate of approximately $42,000.00 in rent per month, it will take over fourteen (14) months to accumulate funds sufficient to cover even the principal amount of the Fee Judgments, without regard to accumulating interest and further attorney's fees and costs on appeal.

Further, not only is the Debtor essentially financing the Landlord's appeal bond, but it is also doing so in lieu of rights it bargained for under the Lease. Pursuant to the Lease, one of the bargained for remedies is the Debtor's right to offset any money judgment owed by the Landlord against the rent owed by the Debtor. In other words, the Debtor already had the right to offset monthly rent due under the Lease against the money judgment it has against the Landlord. Now, for Smart Capital to insist that the Debtor release its Judgment Lien against the subject real property (which is nothing more than perfection of the Fee Judgments) after receiving extremely lenient treatment in obtaining a stay pending appeal of the Fee Judgments, is an egregious request.

The Debtor had every right to perfect the Judgment Lien pursuant to California law and the Lease terms. Contrary to Smart Capital's assertions, the Abstract was not recorded in violation of the stay imposed by the Stay Order. Furthermore, there is no basis to retroactively apply the Stay Order to pre-date the recordation of the Abstract. By the recordation of the Abstract, the Debtor merely perfected its Fee Judgments against the Landlord's real property, a remedy specifically bargained for in the Lease.

In issuing the Stay Order, the Court found that: (1) *Smart Capital had not made a sufficient showing* that it was likely to succeed on the merits of its appeal; (2) a prolonged stay without some level of security is *likely to harm the Debtor*; and (3) *public policy favors not issuing a stay*.

4

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

Despite these findings, the Court issued a stay pending appeal conditioned upon the Debtor paying monthly rent under the Lease into a segregated account pending the outcome of the appeal. This was a windfall for Smart Capital. Instead of having to post a bond itself, the Debtor is financing the bond with funds that rightly belong to the Debtor pursuant to offset rights in the Lease. The Debtor requests that the Court deny the Motion, or alternatively, if the Court is inclined to order a release of the Debtor's Judgment Lien against Smart Capital's property, that the Court require Smart Capital to post a bond in an amount equal to 200% of the Judgment Liens with a third-party insurer.

## II.

## THE JUDGMENT LIEN WAS PROPERLY AND TIMELY PERFECTED

After the Court awarded the Fee Judgment, and in advance of the hearing on the Reconsideration/Stay Motion and the entry of the Stay Order, the Debtor took steps in the ordinary course to perfect the Fee Judgment. On April 16, 2021, the Abstract was completed by counsel for the Debtor and submitted to the attorney service for issuance and to obtain a certified copy for recording. On April 22, 2021, attorney service reported that there was a deficiency in the submitted Abstract, which was corrected and resubmitted on April 26, 2021. On April 27, 2021, the Abstract was issued and the attorney service obtained a certified copy for recordation. On May 12, 2021, the Abstract was recorded with the Los Angeles County Recorder's Office, resulting in the Judgment Lien against the Property. The Court did not enter the Stay Order affording Smart Capital a stay pending its appeal of the Fee Judgments until May 19, 2021 (after a hearing held on April 29, 2021), the Court entered the Stay Order. *See* Declaration of Lydia Moya.

"A judgment or order is effective when entered under Rule 5003." Rule 9021 of the Federal Rule of Bankruptcy Procedure ("**FRBP**"). A "judgment" is defined as any appealable order under FRBP 9001(7). FRBP 5003 provides the procedure for the clerk to enter judgments or orders on the docket. Thus, a judgment is effective when it is docketed by the clerk.

The well-accepted rule is that orders are effective when written and docketed. *Sewell v. MGF Funding, Inc., (In re Sewell),* 345 B.R. 174 at 180 (Bankr. 9th Cir. 2006); *In Re Brown*, 290 B.R. 415, 422 (Bankr. M.D. Fla. 2003).

Smart Capital's reliance on *Noli v. Comm'r*, 860 F.2d 1521 (9th Cir. 1988) ("**Noli**"), is misplaced. *Noli* involved an emergency situation requiring the immediate effectiveness of an order for relief from the automatic stay. The Court in *Noli* found that "immediate relief from the automatic stay was appropriate because they had used bankruptcy as the latest in a series of tactics to evade liability on the eve of trial". *Id. at 1525-26*. As such, the oral order granting immediate relief from the automatic stay was valid in this limited circumstance.

The issues in this case are entirely different from those in *Noli*, and do not warrant a deviation from the well-accepted general rule that orders are effective when reduced to writing and docketed. *See In re Brown,* 290 B.R. 415 (Bankr. M.D. Fla. 2003) at 419 and 422 (noting "well-accepted rule that orders are effective when written and docketed" even though oral rulings can be "immediately effective" in emergency situations). Further, *Noli* involved the removal of a stay verses the retroactive imposition of a stay as requested here by Smart Capital. As noted in *In re Sewell*, "[w]hile the Bankruptcy Code grants the bankruptcy court the power to retroactively *grant relief* from a stay,…this court is unaware of any authority that grants the bankruptcy court power to retroactively *impose* a stay." (citations omitted, emphasis in original), citing *In re Lashley*, 825 f.2d 362, 364 (11th Cir. 1987). In this case, the Stay Order was entered on May 19, 2021, and the Abstract was recorded on May 12, 2021. The Abstract was recorded before the Stay Order was entered and effective. Therefore, there was no violation of the stay imposed by the Stay Order by the recordation of the Abstract and the creation of the Judgment Lien.

In its zealousness to identify some legal support for the extraordinary relief requested in the Motion, Smart Capital argues that California law provides new liens may not be created when a stay pending appeal has been issued, citing California Code of Civil Procedure ("**CCP**") § 697.040(a)(2) as authority. First and foremost, **there was no stay when the Abstract was recorded**. Secondly, Smart Capital's reliance on CCP § 697.040 is misplaced. While § 697.040 provides that no new liens may be created and existing liens are extinguished, it is conditioned on the party seeking the stay providing a sufficient undertaking pursuant to CCP § 917.1 which requires an undertaking of 200% of the amount of the money judgment or 150% the amount of the money judgment if issued by

6
DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

an admitted surety insurer. This is an appeal of a federal bankruptcy court judgment and CCP 697.0490 is inapplicable to these proceedings. Further, the "undertaking" in this case is being financed by the Debtor on a monthly basis, which will take over a year to fund even the amount of the Fee Judgments, let alone 150% – 200% of the money judgment against Smart Capital.

*Cal. Commerce Bank v. Superior Court* ("**Commerce Bank**"), 8 Cal. App 4th 582, 10 Cal. Rptr. 2d 418 (1992) cited by Smart Capital in support of their proposition that new liens may not be created during the period of a stay, involved a money judgment on appeal. In *Commerce Bank*, after obtaining a money judgment against the judgment debtor, the county marshal served the judgment debtor with a levy on a writ of execution and the judgment debtor paid funds to the marshal. The judgment debtor filed a notice of appeal and later filed a statutory stay bond, served notice of the bond on the judgment creditor, and applied to the trial court to stay execution pending appeal. The Court in *Commerce Bank* found that the judgment debtor satisfied the statutory requirements for a stay of enforcement of judgment and that by obtaining the statutory bond, the execution lien was extinguished pursuant to § 697.040. § 697.040 does not apply to these federal bankruptcy proceedings.

With respect to a stay of enforcement of a money judgment under California state law, the statutory bond requirements are set forth in § 917.1 which provides in pertinent part as follows:

*b. The undertaking shall be on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order, or the part of it as to which the judgment or order is affirmed, as entered after the receipt of the remittitur, together with any interest which may have accrued pending the appeal and entry of the remittitur, and costs which may be awarded against the appellant on appeal. This section shall not apply in cases where the money to be paid is in the actual or constructive custody of the court; and such cases shall be governed, instead, by the provisions of Section 917.2.* ***The undertaking shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and one-half times the amount of the judgment or order****. The liability on the undertaking may be enforced if the party ordered to pay does not make the payment within 30 days after the filing of the remittitur from the reviewing court.*

California Code of Civil Procedure § 917.1, *emphasis added*.

In this case, even if § 697.040 applied, Smart Capital would not have posted the requisite statutory undertaking sufficient to afford release of the Judgment Lien. If the undertaking were in an

7
DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

1  amount of 200% of the Judgment ($1,195,203.80) or 150% the amount of the Judgment

2  ($896,402.85) if issued by an admitted surety insurer, the Debtor would have the protection the state

3  law statutory scheme provided for.  Here, the Debtor is financing Smart Capital's appeal bond, and

4  that protection is much less than what is required by California state law.  Moreover, Commerce

5  Bank dealt with stay of execution on a judgment.  Recordation of an abstract of judgment merely

6  creates a lien upon real property of the judgment debtor and such recordation is not an execution

7  upon a judgment.  CCP § 674; *Indus. Indem. Co. v. Levine* ("**Industrial Indemnity**"), 49 Cal. App.

8  3d 698, 122 Cal. Rptr. 712 (1975).  In our case, the Debtor has merely perfected its judgment by

9  recording the Abstract.  The Debtor is not executing against the Property.  The Debtor is not

10 enforcing the lien rights.

11        In *Industrial Indemnity*, cited by Smart Capital, the Court made the distinction between

12 enforcement of a money judgment by a writ of execution and recordation of an abstract of judgment

13 which merely creates a lien upon real property of the judgment debtor.  *Industrial Indemnity* dealt

14 with a stay of enforcement of a judgment pursuant to California Code of Civil Procedure § 681a.

15 The Court in *Industrial Indemnity* found that it was not improper for the judgment creditor to record

16 an abstract of judgment where enforcement of the judgment has been stayed.  In this case, there was

17 no stay in place when the Abstract was recorded.

18 **III.**

19 **RETROACTIVE APPLICATION OF THE STAY ORDER IS INAPPROPRIATE**

20        Smart Capital implores the Court to apply retroactive stay relief to afford it the protection of

21 a stay pending appeal predating the entry of the Stay Order.  The cases cited by Smart Capital to

22 support this position all deal with stays of execution to enforce judgments under Rule 62 of the

23 Federal Rule of Civil Procedure ("**FRCP**").  The line of cases cited by Smart Capital deal with

24 active executions on judgments.  In sharp contrast, here, the Debtor simply perfected the Fee

25 Judgment by recording the Abstract prior to issuance of a stay pending appeal.  After obtaining a

26 judgment lien, a creditor must take additional steps to collect on the judgment, including but not

27 limited to levy on specific property by writ of execution.  In this case, no affirmative action has been

28

8
DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

undertaken by the Debtor to enforce the judgment. While limited by the Lease as to actions it may take to collect a money judgment against Smart Capital, the Debtor did have the ability to offset rents owed pursuant to the Lease. The Debtor has not done so. Instead, that right has been converted into a benefit to Smart Capital, in that the Debtor is funding Smart Capital's bond pending appeal by segregating rents it could otherwise have applied against the Fee Judgments. Smart Capital cites no authority that justifies requiring the Debtor to release its security for payment of the Fee Judgments. Further, as stated, merely holding rents affords little protection for the Debtor, the Estate, and creditors.

FRBP 8007 affords the Bankruptcy Court discretion to protect parties in interest during the pendency of an appeal. Smart Capital is of the belief that it has received "harsh" treatment from the Bankruptcy Court pursuant to the Stay Order. Now, in addition to the Debtor funding Smart Capital's appeal bond, Smart Capital seeks an order from this Court requiring the Debtor to release its Judgment Lien against the Property. The result of Smart Capital's wish list is minimal protection for the Debtor during the pendency of Smart Capital's many appeals.

Smart Capital relies on FRCP 62, and cases decided under FRCP 62, in support of its argument that a stay pending appeal may be applied retroactively. Rule 62 provides an automatic stay period for execution on a judgment, after which, a party may obtain a stay by providing a bond or security. Nowhere in Rule 62 is there any reference to retroactive extinguishment of pre-existing execution efforts. Moreover, Rule 62 does not address retroactive release of a perfected judgment lien. As set forth in *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc ("**Ribbens**")*, 40 F. Supp. 2d 1141 (C.D. Cal. 1999), the great weight of authority holds that retroactive application of a stay is inappropriate to stay pre-existing liens, levies, attachment or garnishment proceedings. This form of "time travel" to retroactively impose a stay is dangerous and will cause undo harm to the Debtor.

While courts may possess the authority to stay enforcement of pending actions in execution of a judgment, including issuance of injunctive relief, as acknowledged by the court in *Hawaii Housing Auth. V. Midkiff*, 463 U.S. 1323, 104 S. Ct. 7, 77 L.Ed. 2d 1426 (1983), there is no basis for this Court to "stay" the Debtor's timely perfection of its judgment lien by requiring the affirmative

9

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

act of releasing the Judgment Lien. In *Khan v. Shamrock Ptnrs., LTD* ("**Khan**"), 292 F. App'x 604 (9th Cir. 2008) cited by Smart Capital, the Ninth Circuit upheld the District Court's staying of pending levies after the judgment debtor obtained a FRCP 62(d) supersedeas bond. The court in *Kahn* held that the pre-bond levy was not automatically extinguished by application of law upon the court's approval of a Rule 62(d) supersedeas bond, but that the court could invoke its general equitable authority to stay the enforcement of the pending levies. In our case, the Debtor is not enforcing its Judgment Lien. Under California law, after obtaining a judgment lien, a creditor must take additional steps to collect on the judgment, namely, to levy on specific property by writ of execution. The Debtor has taken no such action, and the stay imposed by the Stay Order precludes collection efforts. The recording of the Abstract was merely an act of perfection.

*Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods. ("***Thunder Mountain***")*, 2008 U.S. Dist. LEXIS 105853, 2008 WL 5412469 (D. Colo. Dec. 24, 2008) cited by Smart Capital similarly deals with stay of execution proceedings, in that case, writs of garnishment. Although not binding on this Court, in *Thunder Mountain*, the United States District Court of Colorado (also a case interpreting Rule 62 and stays of execution) conducted an analysis of cases where retroactive application of stays of judgment were applied and those in which they were denied. Courts that denied retroactive application of stays of judgments cited a lack of perceived legal authority and invoked principals of equity. For example, the court in *Ribbens* applied the clear and unambiguous language of Rule 62(d), which does not mention retroactive application, and the court in *Larry Santos Prod. V. Joss Org., Inc.*, 682 F. Supp. 905 (E.D. Mich. 1988) expressed concern that allowing retroactive stay of judgment executions would lead to inequitable harms to the judgment creditor. In analyzing cases in which retroactive application of stays were allowed, the *Thunder Mountain* court noted that the courts in those cases found that the absence of a stay would result in protection for the judgment creditor in excess of the judgment. In this case, the Debtor does not have protection in excess of the Fee Judgments. In fact, the Debtor, in funding its own protection, will not be adequately protected for well over a year. At the rate of approximately $42,000.00 per month in segregated rent payments, it will take over fourteen (14) months just to equal the Fee Judgments

10

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

amount, let alone 150% - 200% of the amount.

In *Phansalkar v. Andersen Weinroth & Co., L.P.* ("**Phansalkar**"), 211 F.R.D. 197 (S.D.N.Y. 2002) (also not binding on this Court) cited by Smart Capital in support of their request for retroactive application of the Stay Order, the judgment debtor was precluded from selling securities in their bank accounts necessary to raise capital to post a supersedeas bond as the result of writs of execution and restraining notices on the accounts placed by the sheriff after the sheriff had begun to execute on the judgment. Smart Capital is not proposing liquidation or further encumbrance of the Property to obtain funds necessary to post a bond. In this case, the Debtor is funding the security for Smart Capital's appeal. Further, the Debtor has taken no action on the Fee Judgments other than to perfect its interest.

Finally, in *Telecom Asset Mgmt., LLC v. Fiberlight, LLC*, No. 14-cv-00728-SI, 2017 U.S. Dist. LEXIS 29919 (N.D. Cal. Mar.2, 2017) cited by Smart Capital, the court declined to apply Rule 62 retroactively but stated that the stay applied from the moment it was issued. In this case, the Stay Order was entered on May 19, 2021, after the Abstract was recorded. There is no justification for retroactive application of the stay which would require the Debtor to release its property perfected security interest as evidenced by the Abstract.

## IV.
## REMOVAL OF THE JUDGMENT LIEN WILL CAUSE SUBSTANTIAL INJURY TO THE DEBTOR, THE ESTATE, CREDITORS AND EQUITY HOLDERS

Pursuant to the Lease, the parties to the Lease, the Debtor and Smart Capital, bargained for specific remedies in the event any judgment is entered against the Landlord. Section 17.1 of the Lease provides in pertinent part:

> Notwithstanding anything contained in this Lease to the contrary, it is expressly understood and agreed that **any judgment against Landlord resulting from any default or other claim under this Lease** (excluding any claim involving misappropriation or fraud) shall be **satisfied only out of** (i) the **rents, issues, profits and other income** actually received from the operation of the Building, (ii) insurance proceeds, (iii) condemnation proceeds, and (iv) **Landlord's equity in the Building** and underlying realty, **and no other property of**

11
DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

**Landlord or its Representatives, wherever situated, shall be subject to levy on any judgment obtained against Landlord**.

Lease, Section 17.1, *Emphasis added*.

The Lease effectively limits the Debtor's recourse for recovery in enforcing a money judgment against the Landlord. One remedy is against rents generated by the Property. This remedy was halted by the Stay Order, and instead impounding rents was fashioned in lieu of setoff and/or requiring Smart Capital to post an appeal bond. Permitting setoff is considerably different than impounding rents and places the Debtor, the Estate, and creditors at significantly greater risk to competing creditors or in the event of a bankruptcy filing by Smart Capital.

The other remedy is to pursue the Landlord's equity in the Property. In order to preserve that right, the Debtor perfected the Fee Judgment by recording the Abstract before the stay was imposed by the Stay Order. The Abstract and the resulting lien on the Property is critical to the protection of the Debtor and its estate. This not a case where the judgment debtor has posted a bond sufficient to ensure that the judgment creditor will receive the full amount of the judgment, plus interest and attorney's fees on appeal, and the judgment creditor is guaranteed payment in the event the judgment is affirmed on appeal. Impounding the rents was done as an accommodation to Smart Capital because it was unwilling or unable to post a conventional bond pending its appeal. The Debtor is effectively funding Smart Capital's appeal bond at the rate of approximately $42,000 per month against Fee Judgments in the amount of $597,601.90. The Debtor is not ensured full compensation in the event it prevails on appeal. The Debtor's recourse against the Landlord is limited to the Landlord's equity in the Property and rents generated by the Property. The Debtor is the only tenant that is actually paying rent, and as such, the only source of rents generated by the Property.

At the time that the Court issued its April 29, 2021 Tentative Ruling imposing the requirement that the Debtor pay rent into a segregated account, the Debtor did not emphasize the inherent risks to impounding rents in reliance on the fact that it had a perfected Judgment Lien to protect it. The impounded rents are not the indubitable equivalent of an appeal bond, particularly in the absence of a perfected security interest. In the event of the Landlord's insolvency or an attack by a third-party judgment creditor, without the Judgment Lien, the impounded rents are at risk from

collateral attack by a trustee, estate fiduciary and/or another judgment creditor. In the case of a true appeal bond, it is guaranteed by a third-party surety to protect the Debtor during the pendency of the appeal. In addition, here the substitute for a true bond is not fully funded, and will not be for well over a year. Impounding the rent does not protect the Debtor against Smart Capital's financial woes.

The Stay Order is "without prejudice to any and all other setoff and/or recoupment rights of the Debtor under the Lease and applicable law…", Stay Order at page 4, lines 14-15. The modicum of protection that the Judgment Lien provides preserves the Debtor's rights under the Lease and the priority of its claim. The fact that currently there may be little or no equity in the Property to satisfy the Fee Judgments is irrelevant. Abstracts are often recorded against real property with little to no equity at the time of recordation. Equity positions change over time for many reasons, including increase in property values over time and release and/or paydown of senior liens. The Debtor had the right to perfect the Fee Judgments and it did so in a timely manner. The Debtor should not be penalized further for exercising its rights.

Further, Smart Capital has provided no details, nor any evidence, of the proposed refinancing of the Property. As it is, there are multiple liens against the Property in addition to the purported senior lien that is subject to a potential refinance. Each of those junior liens will be required to either release or subordinate their liens in order to accomplish a refinance of the senior lien. The Debtor's Judgment Lien is no different. There is no necessity to jeopardize the Debtor's lien position putting the Debtor, the Estate, and creditors at even greater risk. The Debtor's lien ensures that the Debtor, the Estate, and creditors maintain the priority of the claim; and, that they will be notified in the event the Mr. Chang makes further efforts to divert any remaining equity in the Property. To that end, if there truly is a viable, eminent refinance for a bona fide purpose, such as to replace an existing loan, the Debtor can subordinate its lien against the Property like other junior creditors, or the Court can order it in the event the Debtor unreasonably refuses to consent. But, there is no justification for the carte blanche retroactive relief advocated in the Motion.

The recording of the Abstract provides the Debtor with some degree of security and priority for payment of the Fee Judgments against Smart Capital. There is no reason to require the Debtor to

release its lien against the Property.  Further, release of the Judgment Lien will result in loss of priority.  The Judgment Lien against the Property preserves the status quo for the Debtor with little to no inconvenience to Smart Capital.  A balancing of equities favor leaving the Judgment Lien in place.

In making the so-called harsh sanctions comment, Smart Capital appears to obfuscate the fact that it owes the Debtor, the Estate, and creditors $597,601.90 unless and until Smart Capital prevails on appeal; it glosses over the fact that the professionals and creditors are being compelled to finance Smart Capitals appeals; and that it got away with not having to post a sizable bond pending appeal.  Despite Smart Capital's protestations, the bond on appeal funded by the Debtor is hardly a "***harsh sanction***" on Smart Capital under the circumstances, nor is the Judgment Lien created by the recordation of the Abstract "***unduly burdensome***" to Smart Capital.  Smart Capital has a remedy to avoid the "***unduly burdensome***" "***harsh sanction***" – pay the full amount of the Fee Judgments now or post a bond.

Fee Judgments in the amount of $597,601.90 have been awarded against Smart Capital by this Court.  Smart Capital has filed three appeals related to the Fee Judgments which are all currently pending before the United States District Court for the Central District of California.  Resolution of the three pending appeals could take years to finality.  The Debtor has serious concerns regarding the Landlord's financial condition.  As noted in the April 29, 2021 Tentative Ruling, Smart Capital provided no evidence with the Reconsideration/Stay Motion to indicate the financial ability of Smart Capital to pay the Fee Judgments which caused the Court concern about Smart Capital's liquidity.  The Debtor shares the Court's concern, particularly in light of Smart Capital's inability to secure the Property, properly maintain the Property and failure to pay real property taxes.  The Judgment Lien preserves the status quo.  It should remain a lien on the Property.

///

///

///

///

14

DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN

# V.

# CONCLUSION

The Abstract was properly recorded before the stay set forth in the Stay Order was issued. There are no extenuating circumstances which justify retroactive application of the Stay Order. The Debtor is funding the Landlord's bond on appeal, and such "bond" will not equal the amount of the Fee Judgments for over one year. The Landlord has been afforded extremely favorable treatment by this Court for the issuance of the stay pending appeal. There is no justification for this Court to order a release of the Judgment Lien created by the timely recording of the Abstract. For all of the foregoing reasons, the Debtor requests that the Court deny the Motion in its entirety.

Dated: July 21, 2021              LEECH TISHMAN FUSCALDO & LAMPL LLP


By:   */s/ Sandford L. Frey*
       Sandford L. Frey
    Attorneys for Hawkeye Entertainment, LLC,
    Debtor and Debtor-in-Possession

## DECLARATION OF LYDIA MOYA

1. I, Lydia Moya, hereby declare as follows:

2. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, I could and would testify competently thereto.

3. I am an employee with the law firm of Leech Tishman Fuscaldo & Lampl, Inc., reorganization counsel for the Debtor[1] in this Chapter 11 bankruptcy case.

4. On April 16, 2021, I submitted the Abstract to the attorney service for issuance by the Court and to obtain a certified copy for recording.

5. On April 22, 2021, the attorney service contacted me and reported that there was a deficiency in the submitted Abstract. The deficiency was corrected and I resubmitted the Abstract to the attorney service on April 26, 2021 for processing.

6. On April 27, 2021, I was informed by the attorney service that the Abstract had been issued and that they had obtained a certified copy for recordation.

7. On May 12, 2021, the Abstract was recorded with the Los Angeles County Recorder's Office.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on July 21 2021, in Pasadena, California.

<u>  signature to follow  </u><br>
Lydia Moya

---

[1] All capitalized terms herein have the same meaning as in the Opposition.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2041 Rosecrans Avenue, Suite 300, El Segundo, California 90245

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO LANDLORD'S MOTION FOR ORDER REMOVING JUDGMENT LIEN AND/OR REQUIRING WITHDRAWAL OF ABSTRACT OF JUDGMENT RECORDED BY DEBTOR AND RELEASING THE LIEN AGAINST LANDLORD'S REAL PROPERTY; DECLARATION OF LYDIA MOYA**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 21, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katherine Bunker** kate.bunker@usdoj.gov
- **Sandford L. Frey** sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com;rsokol@leechtishman.com
- **David S Kupetz** dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **Jeffrey S Shinbrot** jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **David A Tilem** davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
- **Steven Werth** swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 21, 2021 | Jessica Rodriguez | /s/ Jessica Rodriguez |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                             **F 9013-3.1.PROOF.SERVICE**