Sandford L. Frey (State Bar No. 117058)
Philip A. Toomey (State Bar No. 89598)
Fadi K. Rasheed (State Bar No. 267175)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*
    *ptoomey@leechtishman.com*
    *frasheed@leechtishman.com*

Attorneys for Hawkeye Entertainment, LLC
Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**HAWKEYE ENTERTAINMENT, LLC**<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 1:19-bk-12102-MT<br><br>**Chapter 11**<br><br>**NOTICE OF MOTION AND MOTION TO TERMINATE OR MODIFY STAY PENDING APPEAL; OR IN THE ALTERNATIVE, INCREASE DEPOSIT OR REQUIRE AN ADDITIONAL BOND PURSUANT TO COURT'S MAY 19, 2021 ORDER**<br><br>**Date:** January 23, 2023<br>**Time:** 11:00 a.m.<br>**Ctrm:** 302<br>    United States Bankruptcy Court<br>    21041 Burbank Boulevard<br>    Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, SMART CAPITAL, AND OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that, on the above time, date and place, Hawkeye Entertainment, LLC, Reorganized Debtor (sometimes referred to as "**Debtor**" prior to Confirmation and "**Reorganized Debtor**" after confirmation) will and does hereby move the Court to Terminate or

1

Modify Stay Pending Appeal; or in the alternative, Increase Deposit; or, in the Alternative, Require an Additional Bond ("**Motion**"), which Motion is being made pursuant to Court's Order on *Motion of Smart Capital Investments for an Order Reconsidering the Court's Fee Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, or in the Alternative, Granting Stay Pending Appeal*, entered on May 19, 2021 ("**Stay Order**").

**PLEASE TAKE NOTICE** that this Motion is brought pursuant to the provisions of the Stay Order.

**PLEASE TAKE FURTHER NOTICE** that this Motion will be based on this notice of motion; exhibits; the pleadings, records, and files in the Appeal; the Court records of the underlying Chapter 11 case; and any argument and/or evidence that may be presented which the Court may consider at the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that LBR 9013-1(f) requires that a formal written response to the Motion be filed at least fourteen (14) days before the hearing on the Motion and served upon the moving parties and the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(h) the failure of any party to timely object to the Motion may be deemed to constitute consent to the relief sought therein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

1. Approving the requested relief;
2. Granting such other and further relief as is just and appropriate.

Dated: November 29, 2022            LEECH TISHMAN FUSCALDO & LAMPL INC.


By:  */s/ Sandford L. Frey*
       Sandford L. Frey
    Attorneys for Reorganized Debtor,
    Hawkeye Entertainment, LLC,

4883-2128-9530, v. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

It has now been over two years since this Court entered the order granting the Assumption Motion in favor of the Debtor, which was entered on October 27, 2020 [Docket No. 230]. It has now been over two years since the Debtor filed its motion requesting fees, which was filed on November 6, 2020 [Docket No. 232]. It has been nearly two years since this Court (a) issued its *Notice of Memorandum Decision on Debtor's Motion for an Award of Attorney's Fees (Dkt. No. 232)*, entered on the Docket on February 19, 2021 [Docket No. 2021] ("**Bankruptcy Fee Decision**"); and (b) entered its *Final Order and Judgment for an Award of Attorney's Fees*, which was entered on March 8, 2021 [Docket No. 297] ("**Bankruptcy Fee Judgment**"). The Bankruptcy Fee Decision and Bankruptcy Fee Judgment were entered after objections, reconsideration hearings, and many procedural delays, the cost for which was not awarded against Smart Capital. In fact, of the millions of dollars of fees incurred by the Debtor, the Reorganized Debtor, the estate, creditors and the Plan funder, only a tiny fraction was awarded against Smart Capital.

Two years later, the Reorganized Debtor has not received a dime in compensation from Smart Capital. It has a deposit account that it still cannot access. Moreover, free of any monetary repercussions whatsoever, Smart Capital's relentless efforts to terminate the Lease remain undaunted despite the Reorganized Debtor having prevailed in the trial before this Court on its Assumption Motion; despite its prevailing in two appeals before the District Court and 9th Circuit Court of Appeals; despite this Court having awarded significant attorney's fees against Smart Capital; and, despite Smart Capital facing additional attorneys' fees in connection with the appeals (although perhaps Smart Capital's bravado emanates from the fact that it has managed to escape having to actually pay anything for over two years).

This Court's Stay Order states in pertinent part as follows:

> **ORDERED** that this Court retains jurisdiction to **modify or amend this Order at any time** upon motion of either party.
>
> [Emphasis added]

3

4883-2128-9530, v. 2

The time has come to seek a modification of the Stay Order pursuant to its express terms. The Reorganized Debtors bring this Motion in accordance with the above provision of the Stay Order in the interest of justice and to avoid irreparable harm.  On November 8, 2021, over one year ago, the Reorganized Debtor filed a *Notice of Motion Being Filed in the District Court and Concurrently in the Bankruptcy Court Regarding Motion of Debtor-Appellee for Attorney Fees as the Prevailing Party in the Bankruptcy Appeal From the Bankruptcy Court Order Granting Assumption of Nonresidential Real Property Lease and Subleased; or in the Alternative to Remand Motion for Consideration to the United States Bankruptcy Cour. [Motion Concurrently Lodged with United States Bankruptcy Court for Central District of California]* [the Motion filed in the District Court is also Docket No. 420 in the Bankruptcy Court] ("**District Court Fee Motion**").  The District Court Fee Motion requests additional supplemental fees of **$122,189.80** incurred in connection with the Assumption Appeal ("**Supplemental District Appeal Fees**").  On December 7, 2021, the United States District Court, the Honorable Fernando L. Aenlle-Rocha, presiding, issued the following in chambers order, a copy of which is attached as **Exhibit 1**:

> TEXT ENTRY (IN CHAMBERS) ORDER TAKING APPELLANT HAWKEYE ENTERTAINMENT, LLC'S MOTION FOR ATTORNEY FEES (DKT. [24]) UNDER SUBMISSION by Judge Fernando L. Aenlle-Rocha: The Court finds that Appellant's Motion for Attorney Fees currently scheduled for hearing on December 10, 2021, at 1:30 p.m. is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (tf) TEXT ONLY
> ENTRY

The matter remains under submission.  However, having failed to overturn this Court's Assumption Order in the appeal to the Ninth Circuit Court of Appeals, the Reorganized Debtor/Appellee filed on November 20, 2022, before the Ninth Circuit Court of Appeals, an *Appellee's Motion for Attorneys' Fees on Appeal (With Supporting Memorandum)* [9th Circuit Docket No. 41-1] ("**Supplemental Court of Appeals Fee Motion**").  The Supplemental Court of Appeals Fee Motion requested supplemental fees and expenses of an additional **$107,429** in connection with the Ninth Circuit appeal.  The Reorganized Debtor/Appellee also filed contemporaneously a Motion to transfer the determination to the District Court to consolidate the

4

4883-2128-9530, v. 2

award with the pending Supplemental District Appeal Fees. Thus, in addition to the amount previously awarded by this Court, the Reorganized Debtor has pending requests for supplemental fees in the additional amount of and additional **$229,618**.

On November 3, 2022, the Court of Appeals for the Ninth Circuit issued an Order [Court of Appeals Docket No. 43], a copy of which is attached as **Exhibit 2** ("**9th Circuit Fee Award**"), which rules as follows:

> Appellee's Motion for Attorneys' Fees on Appeal, Docket No. 41, and Motion to Transfer Motion for Attorneys' Fees on Appeal, Docket No. 40, are **GRANTED**. Pursuant to Ninth Circuit Rule 39-1.8, this matter is **TRANSFERRED** to the district court for a determination of the appropriate amount of fees to be awarded on appeal.

As is obvious from the 9th Circuit Fee Award, the Court of Appeals <u>granted</u> the request for additional fees and transferred it back to the District Court for determination as to the amount.[1]

Based on the foregoing, pursuant to the Stay Order, and in the interest of justice, the Reorganized Debtor seeks an order dissolving the stay pending appeal, or increasing the deposit account in the amount of an additional $229,618 (which can be offset from the rent), or a bond pending appeal in the amount of $459,236 to cover the additional fees requested.

## II.
## BACKGROUND

**A. Background on Pending Appeals**

*1.    Assumption Appeal Status.*

On November 23, 2020, Smart Capital initiated the District Court Assumption Appeal by filing a *Notice of Appeal and Statement of Election*, appealing the Assumption Order to the District Court where it was assigned Case Number 2:20-cv-10656-SVW.

On October 26, 2021, the District Court entered the District Court Assumption Ruling, affirming the Bankruptcy Court's entry of the Assumption Order.[2]

---

[1] Consistent with its pattern of delay, delay, delay, Smart Capital has filed in the Court of Appeals, a motion for clarification, which is being vigorously opposed by the Reorganized Debtor. In the meantime, the District Court has set a briefing schedule for the 9th Circuit Fee Award.

[2] On November 8, 2021, based on its status as the prevailing party in the District Court Assumption Appeal, the

5

4883-2128-9530, v. 2

On November 16, 2021, Smart Capital filed a *Notice of Appeal* appealing the District Court Assumption Ruling to the 9th Circuit Court of Appeals. The 9th Circuit Appeal was assigned Case Number 21-562642.

On September 23, 2022, the 9th Circuit Court of Appeals issued its 9th Circuit Opinion in the 9th Circuit Appeal, ultimately affirming this Court's decision respecting the Assumption Order.

*2.    Fee Award Status.*

On November 6, 2020, in reliance upon the attorneys' fee provision in the Lease and California Civil Code §1717, the Debtor sought to recover its attorneys' fees and costs incurred in connection with the litigation of the Assumption Motion by filing its Bankruptcy Court Fee Motion with the Bankruptcy Court pursuant to Rule 54(d) of the Federal Rules, as made applicable to bankruptcy proceedings by Rule 7054(a) of the Bankruptcy Rules. [Bankr. Dkt. No. 235].

On February 19, 2021, this Court granted the Bankruptcy Fee Motion in favor of Debtor, which ruling is set forth in the Bankruptcy Fee Decision, reported as *In re Hawkeye Entertainment*, LLC, 625 B.R. 745 (Bankr. C.D. Cal. 2021) and in the Bankruptcy Fee Judgment.

Smart Capital appealed the Bankruptcy Fee Decision to the District Court, where it was assigned Case Number 2:21-cv-04768-FLA. Smart Capital also filed a separate appeal to the District Court in connection with supplemental fees awarded for October 2020 in favor of Debtor, which was originally assigned Case Number 2:21-cv-04952-FLA. The Fee Appeals were consolidated at Case Number 2:21-cv-04768-FLA and are currently under submission before the District Court. Briefing was completed on January 4, 2022. To date, the District Court has not ruled on the Fee Appeals.

However, on October 20, 2022, the Debtor filed a request for supplemental fees before the 9th Circuit Court of Appeals in connection with the 9th Circuit Appeal and a motion to transfer the supplemental fee motion to the District Court or this Court. The supplemental fee motion was timely within the meaning of Ninth Circuit Rule 39-1.6, as it was filed within fourteen (14) days

---

Debtor-Appellee filed its District Court Appeal Fee Motion. [Dist. Ct. Dkt. No. 22; Bankr. Ct. Dkt. No. 420]. That motion is under submission.

6

4883-2128-9530, v. 2

after the expiration of the period within which a petition for rehearing could be filed in connection with the 9th Circuit Opinion. The 9th Circuit Opinion was issued on September 23, 2022. Pursuant to Federal Rule of Appellate Procedure 40(a)(1), any petition for rehearing was required to be filed within fourteen (14) days of the Opinion, or by October 7, 2022. No such petition was filed. Accordingly, the supplemental fee motion was filed on October 20, 2022, within 14 days of October 7, 2022. On November 3, 2022, the Court of Appeals for the Ninth Circuit issued its 9th Circuit Fee Award.

To date, the Debtor has incurred over $2 million in legal fees defending itself and its subtenant from Smart Capital's relentless efforts to wrongfully terminate the Lease. Despite this Court's fee award and the numerous pending fee motions, the Reorganized Debtor has not received any reimbursement.

**B. The Landlord Trust Account**

Pursuant to the Court's Stay Order, Leech Tishman had been impounding rent in its trust account as a condition of, and security for, the stay pending appeal issued in favor of Smart Capital. Having reviewed all of the applicable fee orders, reconsideration order, and the order granting the stay pending appeal, Leech Tishman determined that it should be holding $640,647.48 pursuant to the applicable orders.

Since reaching the funding maximum pursuant to the order, Smart Capital received $228,116.31 through September 2022, consisting of the following:

| Month | Amount |
|---|---|
| April | $12,888.41 (excess of April rent after reaching $640,647.48) |
| May | $43,045.58 |
| June | $43,045.58 |
| July | $43,045.58 |
| August | $43,045.58 |
| September | $43,045.58 |

Included in the above amount was the sum of $10,885.38, representing late charges in the amount of $7,402.83 (from April) and interest in the amount of $3,482.55 (from April) pursuant to

4883-2128-9530, v. 2

the Lease, calculated as follows:

4% late charge        $7,402.83 (from April)

Interest:

$12,888.41-$2.65 per diem x 162 days (April 1, 2022 through and including September 9, 2022) = $429.30

$43,045.58-$8.85 per diem x 132 days (May 1, 2022 through and including September 9, 2022) = $1,168.20

$43,045.58-$8.85 per diem x 101 days (June 1, 2022 through and including September 9, 2022) = $893.85

$43,045.58-$8.85 per diem x 71 days (July 1, 2022 through and including September 9, 2022) = $628.35

$43,045.58-$8.85 per diem x 41 days (August 1, 2022 through and including September 9, 2022 ) = $362.85

Total Interest:        $3,482.55

Commencing in October 2022, the Reorganized Debtor resumed base rental payments directly to Top Properties. In summary, in the past two years, Smart Capital has received approximately $70,000 in fees awarded against the Debtor, which the Debtor timely PAID; an additional $228,116.31 through September 2022; and timely rent since October. The Reorganized Debtor has received nothing, zero, nada. Moreover, absent further protection, the chances of collecting additional amounts remains at substantial risk.[3]

### III.

### THE STAY PENDING APPEAL SHOULD BE TERMINATED OR MODIFIED

FRBP 8007 governs a motion to stay a bankruptcy court's order on appeal. *DBD Credit Funding LLC v. Silicon Labs, Inc.*, 2016 U.S. Dist. LEXIS 162930, at *15 (N.D. Cal. Nov. 23, 2016). "A stay is not a matter of right, even if irreparably injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is depending upon the circumstances

---

[3] Increasing the amount of the deposit account does not eliminate the risk entirely, but it is something.

4883-2128-9530, v. 2

of the particular case." *Herrera v. Redding*, Case No. 1:14-cv-00164-LJO-BAM, 2019 U.S. Dist. LEXIS 210190, *2 (E.D.Cal. Dec. 5, 2019). "[T]he power to grant a stay 'should be sparingly employed and reserved for the exceptional situation." *In re Ricks*, 2015 Bankr. LEXIS 3988, at *4 (Bankr. D. Idaho Nov. 23, 2015).

"Appellants seeking a discretionary stay under [Rule 8007] must meet the terms of a test virtually identical to that for a preliminary injunction." *DBD Credit Funding*, 2016 U.S. Dist. LEXIS 162930, at *15-16. "The question of whether a stay pending appeal is warranted requires consideration of four factors: (1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Herrera*, 2019 U.S. Dist. LEXIS 210190. at *2-3. "[B]ecause a stay pending appeal is an extraordinary remedy, the court must examine the factors with obligatory restraint." *In re Rivera*, 2015 U.S. Dist. LEXIS 151860, at *4 (N.D. Cal. Nov. 9, 2015).

"The party moving for a stay has the burden on each of these elements." *DBD Credit Funding*, 2016 U.S. Dist. LEXIS 162903, at *16. "The first two factors are the most critical, but a failure on any one factor requires the court to deny the application for a stay." Id. In other words, "a failure on any one factor dooms the motion." Id. at *20.

The granting of a stay is a discretionary determination made on a case-by-case basis, and the party requesting the stay bears the burden of showing circumstances justifying an exercise of that discretion. *Nken v. Holder* (2009) 556 US 418, 433-434, 129 S.Ct. 1749, 1760-1761; *Winter v. Natural Resources Defense Council, Inc*. (2008) 555 US 7, 24, 129 S.Ct. 365, 376. To prevail on a request for a stay pending appeal, the moving party must, at a minimum, satisfy all four factors. *In re Swartout*, 554 BR 474,476 (Bankr.E.D.Cal. 2016). In this case, Smart Capital never did in the first place. Moreover, it certainly can no longer sustain its burden of satisfying any of these four factors.

///

///

**A.     Smart Capital Can No Longer Demonstrate a Reasonable Likelihood of Prevailing on the Merits**

"It is not enough that the chance of success on the merits be better than negligible." *Nken v. Holder*, 556 U.S. 418,434 (2009). "[M]ore than a mere 'possibility' of relief is required." Id. "For a stay pending appeal, the 'likelihood of success' element requires a [ moving party] to establish, 'at a minimum, that she has a substantial case for relief on the merits.'" *In re Rivera*, 2015 U.S. Dist. LEXIS 151860, at *8. "Showing a 'likelihood of success' requires that the movant raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re Juarez*, 2019 Bankr. LEXIS 623, at *5 (Bankr. D. Ariz. Feb. 26, 2019) (quoting *In re N Plaza, LLC*, 395 B.R. 113, 121 (S.D. Cal. 2008)).

The Ninth Circuit Court of Appeals has not only ruled in favor of the Reorganized Debtor in the Assumption Appeal, it has now also awarded fees to the Reorganized Debtor, only the amount of that award remains at issue. Now, as then, Smart Capital can no longer meet its burden of demonstrating a likelihood of success on appeal, which showing is required to support continuation of the stay pending appeal.

**B.     Smart Capital Can No Longer Demonstrate That it will Be Irreparably Harmed Absent a Stay**

The second factor is the likelihood of irreparable injury to Smart Capital if a stay is not continued in effect. "In its most basic sense, irreparable means 'incapable of being rectified, restored, remedied, cured, regained or repaired[.]'" *In re Frantz*, 534 B.R. 378, 398 (Bankr. D. Idaho 2015) (quoting Black's Law Dictionary 958 (10th ed. 2014)). It is further defined as "[a]n injury that cannot be adequately measured or compensated by money ... " Id.

"Simply showing some 'possibility of irreparable injury' fails to satisfy the second factor, "as the possibility' standard is too lenient." *Nken*, 556 U.S. at 434. "[B]oth the Supreme Court and Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted." *In re Juarez*, 2019 Bankr. LEXIS 623, at *6 (quoting *In re Red Mountain Mach. Co.*, 451 B.R. 897, 900 (Bankr. D. Ariz. 2011) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011))).

4883-2128-9530, v. 2

Smart Capital did not, and now cannot, demonstrate that it will be irreparably harmed absent a stay. In fact, Smart Capital has been engaging in behavior that has already caused injury to the Reorganized Debtor. The continuation of a stay will only allow Smart Capital additional time within which to deplete its assets. In the meantime, Smart Capital continues to enjoy the benefits of the Reorganized Debtor's performance. Smart Capital will not be irreparably harmed if the money is released.

### C. Continuation of the Stay will Substantially Injure the Reorganized Debtor

The Reorganized Debtor, creditors and the equity holders are already at substantial risk of collection of the additional fees incurred in connection with the appeals. Moreover, free of any monetary consequences, Smart Capital's relentless efforts to terminate the Lease remain undaunted despite the Reorganized Debtor having prevailed in the trial before this Court on its Assumption Motion; despite its prevailing in two appeals before the District Court and 9th Circuit Court of Appeals; despite this Court having awarded significant attorney's fees against Smart Capital; and, despite Smart Capital facing additional attorneys' fees in connection with the appeals (although perhaps Smart Capital's bravado emanates from the fact that it has managed to escape having to actually pay anything to date). In the meantime, the Reorganized Debtor is incurring enormous amounts of legal fees in connection with the appeals, a meritless clarification motion and Smart Capital's efforts to terminate the Lease.

## IV.

## CONCLUSION

For the foregoing reasons, the Reorganized Debtor respectfully requests that this Court enter an order terminating or modifying the Stay Pending Appeal; or in the alternative, increasing the deposit; or, in the alternative, requiring an additional bond.

Dated: November 29, 2022

Respectfully submitted,
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**

By: _____/s/ Sandford L. Frey_____
　　　SANDFORD L. FREY
Sandford L. Frey
Attorneys for Hawkeye Entertainment, LLC
Reorganized Debtor

11

4883-2128-9530, v. 2

## DECLARATION OF SANDFORD L. FREY

1. I, Sandford L. Frey, hereby declare as follows:

2. I submit this declaration in support of the Motion. My knowledge of the facts set forth herein is based on my personal knowledge. If called to testify, I could and would testify competently concerning the contents of this Declaration.

3. I am an attorney licensed to practice law in the State of California and before this Court. I am a partner in the law firm of Leech Tishman Fuscaldo & Lampl, Inc.

4. On November 23, 2020, Smart Capital initiated the District Court Assumption Appeal by filing a Notice of Appeal and Statement of Election, appealing the Assumption Order to the District Court where it was assigned Case Number 2:20-cv-10656-SVW.

5. On October 26, 2021, the District Court entered the District Court Assumption Ruling, affirming the Bankruptcy Court's entry of the Assumption Order.

6. On November 16, 2021, Smart Capital filed a Notice of Appeal appealing the District Court Assumption Ruling to the 9th Circuit Court of Appeals. The 9th Circuit Appeal was assigned Case Number 21-562642.

7. On September 23, 2022, the 9th Circuit Court of Appeals issued its 9th Circuit Opinion in the 9th Circuit Appeal, ultimately affirming this Court's decision respecting the Assumption Order.

8. On November 6, 2020, the Debtor sought to recover its attorneys' fees and costs incurred in connection with the litigation of the Assumption Motion by filing its Bankruptcy Court Fee Motion with the Bankruptcy Court pursuant to Rule 54(d) of the Federal Rules, as made applicable to bankruptcy proceedings by Rule 7054(a) of the Bankruptcy Rules. [Bankr. Dkt. No. 235].

9. On February 19, 2021, this Court granted the Bankruptcy Fee Motion in favor of Debtor, which ruling is set forth in the Bankruptcy Fee Decision, reported as *In re Hawkeye Entertainment, LLC*, 625 B.R. 745 (Bankr. C.D. Cal. 2021) and in the Bankruptcy Fee Judgment.

10. Smart Capital appealed the Bankruptcy Fee Decision to the District Court, where it was assigned Case Number 2:21-cv-04768-FLA. Smart Capital also filed a separate appeal to the District Court in connection with supplemental fees awarded for October 2020 in favor of Debtor, which was originally assigned Case Number 2:21-cv-04952-FLA. The Fee Appeals were consolidated at Case

4883-2128-9530, v. 2

Number 2:21-cv-04768-FLA and are currently under submission before the District Court. Briefing was completed on January 4, 2022. To date, to the best of my knowledge and belief, the District Court has not ruled on the Fee Appeals.

11. On December 7, 2021, the United States District Court, the Honorable Fernando L. Aenlle-Rocha, presiding, issued an in chambers order, a copy of which is attached as **Exhibit 1**.

12. On October 20, 2022, the Debtor filed a request for supplemental fees before the 9th Circuit Court of Appeals in connection with the 9th Circuit Appeal and a motion to transfer the supplemental fee motion to the District Court or this Court.

13. On November 3, 2022, the Court of Appeals for the Ninth Circuit issued its 9th Circuit Fee Award [Court of Appeals Docket No. 43], a copy of which is attached as **Exhibit 2**.

14. After reaching the funding maximum pursuant to the Stay Order, Smart Capital was sent $228,116.31 through September 2022.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on November 29, 2022, in Pasadena, California.

/s/ Sandford L. Frey
Sandford L. Frey

4883-2128-9530, v. 2

# Exhibit 1

**Lydia Moya**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, December 7, 2021 12:01 AM |
| **To:** | noreply@ao.uscourts.gov |
| **Subject:** | Summary of ECF Activity |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
*** NOTE TO PUBLIC ACCESS USERS ***
This Daily Summary Report may contain documents for which one or more of the following policies apply:

Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

There is no charge for viewing opinions.

Activity has occurred in the following cases:

**2:20-cv-10656-FLA In re Hawkeye Entertainment, LLC**
Text Only Scheduling Notice  32 ( No document attached )

**Docket Text:**
TEXT ENTRY (IN CHAMBERS) ORDER TAKING APPELLANT HAWKEYE ENTERTAINMENT, LLC'S MOTION FOR ATTORNEY FEES (DKT. [24]) UNDER SUBMISSION by Judge Fernando L. Aenlle-Rocha: The Court finds that Appellant's Motion for Attorney Fees currently scheduled for hearing on December 10, 2021, at 1:30 p.m. is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (tf) TEXT ONLY ENTRY

1

# Exhibit 2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: HAWKEYE ENTERTAINMENT, LLC,

    Debtor,

───────────────────────

SMART CAPITAL INVESTMENTS I, LLC; et al.,

    Appellants,

v.

HAWKEYE ENTERTAINMENT, LLC; W.E.R.M. INVESTMENTS, LLC,

    Appellees.

No. 21-56264

D.C. No. 2:20-cv-10656-FLA
Central District of California,
Los Angeles

ORDER

Before: SILER,* CALLAHAN, and FORREST, Circuit Judges.

    Appellee's Motion for Attorneys' Fees on Appeal, Docket No. 41, and Motion to Transfer Motion for Attorneys' Fees on Appeal, Docket No. 40, are **GRANTED**. Pursuant to Ninth Circuit Rule 39-1.8, this matter is **TRANSFERRED** to the district court for a determination of the appropriate amount of fees to be awarded on appeal.

---

    *   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  200 South Los Robles Avenue, Suite 300 Pasadena, California 91101.

A true and correct copy of the foregoing document entitled (*specify*) **NOTICE OF MOTION AND MOTION TO TERMINATE OR MODIFY STAY PENDING APPEAL; OR IN THE ALTERNATIVE, INCREASE DEPOSIT; OR IN THE ALTERNATIVE, REQUIRE AN ADDITIONAL BOND PURSUANT TO COURT'S MAY 19, 2021 ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **November 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Steve Burnell**    Steve.Burnell@gmlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- **Sandford L. Frey**    sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com;rsokol@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **David S Kupetz**    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;TilemDR69450@notify.bestcase.com
- **Alan G Tippie**    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Steven Werth**    steven.werth@gmlaw.com, swerth@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com,Karen.Files@gmlaw.com;patricia.dillamar@gmlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **(date)**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will

1

4830-3692-4153, v. 1

<u>be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 29, 2022 | Lydia Moya | /s/ Lydia Moya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

2

4830-3692-4153, v. 1